In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2510

DOCTOR'S ASSOCIATES, INC., *et al.*,

*Plaintiffs-Appellees,*

*v.*

DAVID M. DUREE, *et al.*,

*Defendants-Appellants.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-CV-298-WDS—**William D. Stiehl**, *Judge.*

ARGUED DECEMBER 8, 2003—DECIDED JULY 15, 2004

Before DIANE P. WOOD, EVANS, and WILLIAMS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* David M. Duree and Doctor's Associates, Inc. ("DAI," the ultimate franchisor of the well-known Subway Sandwich fast-food restaurants) are no stranger to each other or to the courts. Duree has represented numerous clients in litigation against DAI. See, *e.g.*, *Yates v. Doctor's Associates, Inc.*, 549 N.E.2d 1010 (Ill. App. Ct. 1990); *Cox v. Doctor's Associates, Inc.*, 613 N.E.2d 1306 (Ill. App. Ct. 1993); *Doctor's Associates, Inc. v. Jabush*,

89 F.3d 109 (2d Cir. 1996); *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324 (5th Cir. 1999); *Reed v. Doctor's Associates Inc.*, 772 N.E.2d 372 (Ill. App. Ct. 2002). The present case, now in its eighth year of litigation, began in 1996. Duree's clients prevailed in the underlying case, and after two sets of appeals, won an award of attorneys' fees in addition to their damages.

When it came time to pay the attorneys' fees, DAI claimed that it was unclear which of several lawyers had a right to collect. Rather than pay the wrong party, it filed an interpleader action in the district court, naming as defendants Duree, two other lawyers and two law firms. In the same action, DAI also sought to collect on a sanctions judgment against Duree that it had been awarded in earlier, separate, litigation. Duree and the other parties responded with a variety of counterclaims. To complicate matters, as the federal case was pending, Duree filed a state action raising claims related to both the federal interpleader action and earlier litigation between himself and DAI. When the district court learned that the state case had been dismissed by the trial court and was on appeal, it dismissed all the counterclaims against DAI without prejudice pending resolution of the state case. It is from this dismissal without prejudice that Duree and the others appeal. Because dismissals without prejudice are normally not final, and this one does not qualify for any exception to that rule, we dismiss this case for want of appellate jurisdiction.

# I

In 1996, Nicholas Jannotta and Carmein Day Blasucci sued Subway Sandwich Shops, Inc. (a leasing company DAI uses) alleging breach of contract and fraud claims based on violations of their lease agreement with Subway. Duree represented them in that action through his law firm, Reinert & Duree, P.C. Jannotta and Blasucci prevailed at

trial and were awarded compensatory and punitive damages. Subway appealed the punitive damages award, and this court vacated and remanded the case to the district court for a second trial. See *Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 503 (7th Cir. 1997). At the second trial, the jury again awarded punitive damages to Jannotta and Blasucci. The district court also awarded attorneys' fees to the plaintiffs for litigating the punitive damages issue a second time. *Jannotta v. Subway Sandwich Shops, Inc.*, 1999 WL 184396 (N.D. Ill. Mar 29, 1999). Subway paid the punitive damages and then appealed the attorneys' fees decision; this court upheld that award. *Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815 (7th Cir. 2000).

Unfortunately, that was not the end of the matter. Throughout this protracted litigation Jannotta and Blasucci had been represented by the law firm of Reinert & Duree, P.C. In January 1999, Reinert & Duree dissolved and its members created two new law firms, David M. Duree & Associates, P.C. and Reinert & Rourke, P.C. Both firms served DAI with a notice of lien for the attorneys' fees, each claiming an entitlement to 40% of the award. In addition to the 40% claims of each law firm, the plaintiffs asserted that at least 60% of the fee award should be paid directly to them, presumably for reimbursement of fees they had already paid to counsel. Seeking the court's assistance in determining how the award should be distributed among these competing claimants, DAI filed a statutory interpleader action in the district court. As we have already noted, DAI also included in its complaint certain claims against Duree in his personal capacity for unpaid sanctions arising from litigation that Duree had filed against the company in Kansas. See *Subway Restaurants, Inc. v. Kessler*, 970 P.2d 526, 536 (Kan. 1998) (affirming the trial court's imposition of sanctions against Duree) *cert. denied* under the name *Duree v. Doctor's Associates, Inc.*, 526 U.S. 1112 (1999); *Subway Restaurants, Inc. v. Kessler*, 46 P.3d

1113, 1114 (Kan. 2002) (upholding the trial court's denial of Duree's motion to vacate the sanctions award). All of the interpleader defendants filed counterclaims against DAI. Jannotta, Blasucci, and the firm of Reinert & Rourke claimed that DAI's act of filing the interpleader action amounted to malicious prosecution arising from the interpleader action. Duree also counterclaimed for malicious prosecution, as well as for abuse of process and conversion arising out of litigation between Duree and DAI in Connecticut. In September 2001, the district court resolved the interpleader action and disbursed the funds. This left on the table DAI's claims against Duree in his personal capacity to collect on the Kansas sanctions award and the counterclaims filed against DAI by Plaintiffs, Reinert & Rourke, and Duree.

While these claims were pending in federal court, Duree, in his personal capacity, and his law firm, Duree & Associates, filed a state court action against DAI in Illinois claiming malicious prosecution, abuse of process, and other torts arising out of earlier litigation between Duree and DAI, as well as the federal interpleader action. DAI responded in state court with a motion to dismiss for failure to state a claim. The state court agreed with DAI and dismissed Duree's action. *Duree v. Doctor's Associates, et al.*, No. 01-L-341 (St. Clair County, Ill. Dec. 20, 2002) (unpublished order). Duree appealed this adverse judgment to the Illinois appellate court. Although the Illinois appellate court had not yet rendered a judgment at the time we heard oral argument, it has since issued its opinion, upholding the trial court's dismissal of all claims relevant to this case. *David M. Duree, et al. v. Doctor's Associates, Inc., et al.*, Appeal No. 5-02-0847 (unpublished order April 22, 2004) (Ill. App. Ct. 2004).

While the state court proceedings were underway, DAI moved in federal court voluntarily to dismiss its Kansas

sanctions claims against Duree. The district court granted DAI's motion and dismissed all claims against Duree. DAI also filed motions to dismiss the counterclaims filed by Jannotta, Blasucci, Reinert & Rourke, and Duree for failure to state a claim. The district court granted DAI's motion, but it specifically said that its dismissal was without prejudice and that it was not ruling on the merits of the motion. From the list of dismissed counterclaims that the court provided, it also appears that it ruled only on Duree's counterclaims and Reinert & Rourke's counterclaims, but not on the Jannotta and Blasucci counterclaim. In light of our decision on appellate jurisdiction, we need not consider whether this was a clerical oversight, or if it provides an additional reason to dismiss the appeal. See Fed. R. Civ. P. 54(b) (order terminating less than all claims of all parties is not final in the absence of express determination by court). The district court noted that the Illinois state court decision was on appeal, and that the ultimate decision in that case might have preclusive, or at least persuasive, effect on the resolution of the counterclaims.

Duree, Jannotta, and Blasucci appeal from the dismissal of their counterclaims. (Reinert & Rourke did not join in this appeal.) The initial, and as it turns out final, question before this court is whether we have jurisdiction to consider the merits of the district court's ruling.

## II

Although neither party raised the issue of appellate jurisdiction, we must begin by assuring ourselves that jurisdiction is proper. See *Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660 (7th Cir. 1999) ("A court of appeals has an obligation to examine its jurisdiction *sua sponte*, even if the parties fail to raise a jurisdictional issue."). This court has jurisdiction over appeals from final judgments of the district courts. 28 U.S.C. § 1291. The district court in this case

dismissed the counterclaims without prejudice. Typically, this kind of dismissal is not "final" for purposes of § 1291 because the plaintiff is free to re-file the case. See *Alejo v. Heller*, 328 F.3d 930, 935 (7th Cir. 2003). Under certain circumstances, however, a dismissal without prejudice may be final as a practical matter and thus appealable. For example, if it is clear that the plaintiff cannot amend her complaint, then the dismissal is final for purposes of appellate review. See *Furnace v. Bd. of Trustees of Southern Illinois*, 218 F.3d 666, 669-70 (7th Cir. 2000). A dismissal without prejudice may also be functionally final if a newly filed complaint would be barred by the statute of limitations. See *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001). In this case, no one has alleged that the statute of limitations might bar a future suit. In addition, the possibility of amendment cannot be eliminated: the district court made no ruling at all on the substance of the claims, and so there is nothing in the record to resolve that question one way or the other.

On appeal and at oral argument, the parties suggested that both the district court's ruling and the appellate jurisdiction question should be approached in light of the Supreme Court's decision in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In *Colorado River*, the Court explained that a federal court may—in extraordinary circumstances—stay or dismiss a suit when there is a concurrent state court proceeding and the stay or dismissal would promote "wise judicial administration." *Id.* at 818. Such a stay or dismissal is considered a final judgment. See *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714-15 (1996); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n. 11 (1983). *Colorado River* requires the district court first to determine whether the state and federal proceedings are parallel and then to decide whether there are "exceptional circumstances" that warrant a refusal of the district court to

exercise its jurisdiction. See *Schneider National Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156 (7th Cir. 1990); *Sverdrup Corp. v. Edwardsville Comm. Unit Sch. Dist. No. 7*, 125 F.3d 546, 550-51 (7th Cir. 1997). The district court in this case (which, in its defense, had never been asked to invoke the *Colorado River* doctrine and had given no indication that it was doing so on its own) made no attempt to compare the federal and state actions or to explain why it would be proper to abstain until the state court case was over. Instead, in ordering the case dismissed, the district court simply noted the related state court action and suggested it might be prudent to wait until that case was final before continuing on with the federal litigation.

On this record, we have no way of knowing what it is the district court intended by its actions. All we can say is that the district court thought it was a good idea to wait until the Illinois appellate court issued its decision. This may or may not have been correct, but we note for future reference that the decision to dismiss rather than to stay the case on that basis was a mistake. See, *e.g.*, *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Central States Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000). The court may have been contemplating full-blown abstention, but it is just as likely that the court simply wanted to see what happened in state court, as a courtesy or as a warning to the parties that it would be likely or perhaps required by the full faith and credit statute, 28 U.S.C. § 1738, to rule consistently with the state court. It is enough for present purposes to say that the district court is not finished with this case, and thus that the appeal is premature. We leave it to the parties and to the district court to consider what additional steps are appropriate once this case is returned to the district court, bearing in mind on the one hand the exceptional nature of *Colorado River* abstention and on the other hand the need to respect the parallel proceedings in the state courts.

### III

Because the district court's order dismissing the counter-claims without prejudice was not a final judgment, this case is DISMISSED for want of jurisdiction.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*