**Opinions of the United States Court of Appeals for the Third Circuit**



10-28-2005

# Wilderman v. Cooper & Scully PC

Precedential or Non-Precedential: Precedential

Docket No. 04-1876

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Wilderman v. Cooper & Scully PC" (2005). *2005 Decisions.* Paper 285.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1876

_____

BRUCE J. WILDERMAN, D.D.S.;
HEIDY D. WILDERMAN,
                              Appellants

v.

COOPER & SCULLY, P.C.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-00460)
District Judge: Honorable Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a)
September 30, 2005

Before: ALITO, and AMBRO, <u>Circuit Judges</u>
RESTANI,* <u>Chief Judge</u>

_____

* Honorable Jane A. Restani, Chief Judge, United
States Court of International Trade, sitting by designation.

---

OPINION OF THE COURT

---

AMBRO, <u>Circuit Judge</u>

One Texas law firm sued another in a Texas court, charging tortious interference with contract.  Then, erstwhile clients of the plaintiff firm—now clients of the defendant firm—filed a declaratory judgment action in Pennsylvania seeking determination of the fees they owed the plaintiff firm.  This declaratory action was removed to the District Court, where it stayed the action to keep from duplicating or interfering with the Texas suit.

Appellate jurisdiction over a stay exists when it has the effect of a dismissal rather than the effect of delay.  Is the District Court's stay appealable?  As the stay here is but a delay, we answer no and dismiss the appeal.  We also deny issuance of the writ of mandamus sought as an alternative means of bringing before us the merits of the appeal.

## I. Factual Background and Procedural History

Bruce and Heidy Wilderman retained the Texas law firm Cooper & Scully to represent them in an environmental suit in Pennsylvania.  Their lawyer, Scott Summy, later left Cooper &

Scully to join Baron & Budd, another Texas law firm. The Wildermans left with Summy, retaining Baron & Budd to complete their Pennsylvania litigation.

Cooper & Scully sued Summy and Baron & Budd in Texas state court for damages, asserting various claims, including interference with contract, usurpation of corporate opportunity, and conversion. The Wildermans were not joined in the Texas litigation and are not parties to that suit. One of the issues in the Texas suit is how Cooper & Scully and Baron & Budd will share the attorney's fees from the Pennsylvania environmental litigation.[1]

The Wildermans sued Cooper & Scully in Pennsylvania state court in a declaratory judgment action, seeking a judicial

---

[1] Apparently, the Wildermans' suit is part of a several-pronged strategy by Summy to prevail by any means necessary. Summy's Texas attorney, the one defending him against Cooper & Scully, is also the Wildermans' attorney in this suit. Summy's attorney is also representing another set of Summy's clients in a mirror-image suit, this one filed in Illinois. We note that such forum-shopping subverts the policies of the Declaratory Judgment Act. *Cf. Nat'l Foam, Inc. v. Williams Fire & Hazard Control, Inc.*, No. CIV. A. 97-3105, 1997 WL 700496, at *7 (E.D. Pa. Oct. 29, 1997) (holding that a district court may dismiss a declaratory judgment action that "was filed in anticipation of the impending litigation and motivated solely by considerations of forum shopping").

determination of the fees the Wildermans owed that firm. Cooper & Scully removed the suit to federal court on diversity grounds and filed a motion to dismiss or stay the Wildermans' suit.

The District Court stayed the Wildermans' suit before it so as to "not duplicate or interfere with the [Texas] proceedings," requiring Cooper & Scully to report on the status of the Texas case every 60 days. The Wildermans appeal this stay and, in the alternative, seek a writ of mandamus. Cooper & Scully filed a motion with us to dismiss the appeal for lack of jurisdiction.

## II. Discussion

### A. Is the Stay Entered by the District Court Appealable?

The first issue we must decide is whether we have appellate jurisdiction under 28 U.S.C. § 1291 over the stay entered by the District Court. Section 1291 generally limits our appellate jurisdiction to final orders. The "usual rule" is that a stay is not a final order under § 1291. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983). A stay is treated as a final order, however, if it "amounts to a dismissal of the suit." *Id.* at 10. This is the case when the stay has the effect of putting the plaintiff "out of court" because it "surrender[s] jurisdiction of a federal suit to a state court" by "requir[ing] all or an essential part of the federal suit to be

4

litigated in a state forum." *Id.* at 11 n.11 (internal quotation marks omitted). Our Court interprets the Supreme Court's opinion in *Moses H. Cone* as holding that stays involving "parallel parties and parallel claims," in which the state decisions are likely to preclude the federal claims, are typically appealable. *Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 515 (3d Cir. 1998).

At bottom, we look at the effect of a stay to determine whether it is final. *Id.* at 513. The stay in *Michelson* was not appealable because the state-court determination was going to have "little or no effect" on the federal suit. *Id.* at 516. Michelson, the federal plaintiff, was not a party to the state suit and therefore was not subject to *res judicata* because of the state decision. *Id.* The state claim was based on Missouri law, while the federal claim was based on federal law, so the state decision was not going to be "determinative of the similar issue" in the federal suit. *Id.* We therefore held that, because the stay would not put the plaintiff out of federal court, it was not a final judgment and not appealable. *Id.* at 516–17.

In other cases, we have used similar factors to conclude stays were not appealable. In *Marcus v. Township of Abington*, the causes of action in two proceedings—a state criminal suit and a federal § 1983 suit—were different, and we held the stay was not a final, appealable order. 38 F.3d 1367, 1371–72 (3d Cir. 1994). We also noted in *Marcus* that stays are not appealable just because they have the effect of delaying a federal suit. *Id.* Where a stay order required periodic reports on

5

the progress of the state litigation, suggesting the district court's "intention to monitor the stay periodically," that order was not final and thus not appealable. *Cheney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 736 (3d Cir. 1983). Where a state decision was likely not going to make the federal suit *res judicata*, the district court's stay was not appealable. *Arny v. Phila. Transp. Co.*, 266 F.2d 869, 870 (3d Cir. 1959).

On the other hand, when a state court decision would render the federal suit subject to *res judicata*, stays are more likely to be final, appealable orders. *See, e.g.*, *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 221 (3d Cir. 1994) (finding a stay final and appealable when the state decision would "constitute *res judicata* as to at least the two major issues" in the federal suit); *In re Grand Jury Proceedings (U.S. Steel—Clairton Works)*, 525 F.2d 151, 155 (3d Cir. 1975) (finding a stay appealable because the state suit was likely to "continue beyond" the expiration of the federal grand jury's term, with "the practical effect of a dismissal of the proceedings").

Here the Wildermans have clearly conceded that the Texas action will have little, if any, effect on their federal suit. They note that it would be "impossible for [their] declaratory judgment action to duplicate or interfere with the Texas litigation because the issues and parties are different." Appellants' Br. at 5. They also note that "the Texas court cannot address the legal relations between [themselves] and Cooper & Scully. No judgment rendered . . . in the Texas

6

litigation will determine [their] liability to Cooper & Scully for attorney's fees." *Id.* at 6. The Wildermans also concede that "a judgment against Baron & Budd in Texas will not operate to bar an action by Cooper & Scully against the Wildermans for pre-discharge attorney's fees." *Id.*

The characteristics of the two different actions also make clear that this action will not be rendered *res judicata* by the Texas suit. The causes of action are different, and the parties are not parallel. Cooper & Scully sued only Baron & Budd and Summy, claiming interference with contract, usurpation of corporate opportunity, and conversion. The federal claim is between the Wildermans and Cooper & Scully and is a declaratory judgment action for the Wildermans' attorney's fee liability to Cooper & Scully. Thus, both suits share the same factual background, but the same facts are not at issue in them.

The District Court's stay order also shows that the effect of its stay is not akin to a dismissal. The Court ordered the stay to ensure that the federal action would not "duplicate or interfere with" the Texas suit and required Cooper & Scully to report on the status of the Texas suit every 60 days. That hardly has the effect of a final determination, as it suggests that the Court will periodically review the stay.

The Wildermans claim that the District Court's stay is appealable "based upon the belief or assumption that the Texas litigation would resolve all issues between the parties and would operate as *res judicata* to the federal action." Resp. to Mot. to

7

Dismiss at 1–2. But we look to the effect of the stay, not the hypothetical basis for it: "[O]ur jurisdiction does not turn on the authority cited by the district court. It turns, rather, on the *effect* of the order that the district court has entered." *Marcus*, 38 F.3d at 1372 (emphasis in original).

The District Court's stay does not dismiss; it simply delays the federal suit until the state litigation comes to a clearer resolution. This posture does not confer finality under § 1291, and thus we lack jurisdiction to entertain this appeal.

### B. Should We Issue a Writ of Mandamus?

The Wildermans ask us, as an alternative, to take jurisdiction under 28 U.S.C. § 1651 by issuing a writ of mandamus. This "extraordinary writ [can be] granted to review a stay order issued in a clear abuse of discretion." *Cheyney*, 703 F.2d at 736. The Wildermans have the burden of establishing their "'clear'" and "'indisputable'" right to such a writ. *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988)). Because the District Court retained oversight of the stay, requiring periodic reports on the state suit's status, we conclude easily that the District Court did not abuse its discretion, and we deny issuance of a writ of mandamus. *See Cheyney*, 703 F.2d at 738 (denying mandamus where the district court "impos[ed] a moderate and actively monitored stay").

### III. Conclusion

The Wildermans will not be put out of federal court by the stay entered in their case because the outcome of the state

8

case will not determine their federal suit. As such, the stay is not final and thus not appealable. In addition, we deny issuance of a writ of mandamus.