**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided November 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1291

| | |
|---|---|
| TOM HUANG,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CATERPILLAR, INCORPORATED,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Central District of Illinois<br><br>No. 02-1131<br><br>Michael M. Mihm,<br>*Judge.* |

**O R D E R**

Tom Huang sued Caterpillar, Inc., alleging that it discriminated against him on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The district court granted summary judgment in favor of Caterpillar. Huang now appeals, and we asked the parties to discuss in

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

their briefs whether we have jurisdiction in this case. Because we agree with Caterpillar that we lack appellate jurisdiction, we dismiss Huang's appeal.

In November 2005, nearly ninety days after the district court entered summary judgment in this case, Huang sent a letter to the court. The letter listed reasons why Huang could not "accept" the judgment and asked for permission to depose additional witnesses, or, in the alternative, for the court to instruct him "how and where" he could "complaint [sic] such issues." Huang stated in the letter that two months earlier, in August 2005, he had sent a nearly identical letter to the court, but that he had received no response. The district court, upon requesting and receiving from Huang a copy of the August letter, issued an order stating that the November letter was untimely, that the court had no record of receiving the August letter, and that Huang should submit proof that he sent the August letter to the court. Huang then submitted a barely legible receipt supposedly obtained from the post office that Huang argued proved that he had sent the August letter to the district court. The court found the receipt persuasive, construed the August letter as a notice of appeal, and deemed it timely *nunc pro tunc*.

It is within a district court's inherent powers to correct a ministerial error through a *nunc pro tunc* order. *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325-26 (7th Cir. 1992). And so long as the court is not attempting to rewrite history or revise the substance of what transpired, it may issue a *nunc pro tunc* order clarifying a jurisdictional issue. *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1014-15 (7th Cir. 2000). Still, the filing of a timely notice of appeal within the thirty-day deadline, *see* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), is essential to our jurisdiction, *see Bowles v. Russell*, 127 S. Ct. 2360, 2363-64 (2007); *Robinson v. City of Harvey*, 489 F.3d 864, 867 (7th Cir. 2007). And even where neither party raises it, we have an independent obligation to ensure appellate jurisdiction exists. *Doctor's Assoc., Inc. v. Duree*, 375 F.3d 618, 621-22 (7th Cir. 2004).

Here, the district judge issued a *nunc pro tunc* order seemingly to revise the substance of what had transpired. The court based its order solely upon a barely legible receipt that in no way verified that the court actually received Huang's letter within the prescribed time limit. Moreover, both the August and November letters were essentially identical to one another, and Caterpillar received neither. We therefore question not only whether Huang timely filed the August letter, but also whether the district court properly applied its inherent powers when it issued the *nunc pro tunc* order. *Cf. United States v. Hirsch*, 207 F.3d 928, 930-31 (7th Cir. 2000) (questioning the district court's potential use of its inherent powers to treat a late notice of appeal as timely filed because such an approach could not be reconciled with the Federal Rules of Appellate Procedure). Regardless, we need not decide the issue because Huang's August letter does not satisfy Rule 3(c)(1) of the

Federal Rules of Appellate Procedure and therefore does not qualify as a notice of appeal.

Although we liberally construe Rule 3 and will not dismiss a case where we can infer from the notice the party's intent to appeal the judgment, *United States v. Segal*, 432 F.3d 767, 772 (7th Cir. 2005), satisfaction of the Rule's jurisdictional requirements is mandatory, *Smith v. Barry*, 502 U.S. 244, 248 (1992). Huang's August letter neglected to state unambiguously that Huang was in fact appealing the district court's judgment. Huang merely asserted that he "cannot accept" the judgment and requested that the district court reconsider its ruling after allowing him to take more depositions. Further, he asked the district court to let him "know how and where" he could "complaint [sic] such issues." It cannot be inferred from these statements that Huang intended to appeal the district court's judgment in his August letter. Rather, he seemed to be requesting reconsideration or, in the alternative, information on how to proceed. *See, e.g., Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("Because the primary relief sought in [the notice of appeal] is reconsideration, and leave to appeal is sought only if reconsideration is denied, we conclude that the document does not 'clearly evince . . . [an] intent to appeal.'"). We cannot consider this the functional equivalent of an appeal. *See Barry*, 502 U.S. at 248.

Huang's notice of appeal also did not, as required by Rule 3(c)(1), specify the court to which he was appealing. Although the Rule itself commands that an appeal "not be dismissed for informality of form or title," Fed. R. App. P. 3(c)(4), when taken alongside his failure to state clearly that he intended to appeal the district court's judgment, Huang's August letter is insufficient to constitute a valid notice of appeal under Rule 3(c). Noncompliance with Rule 3 is fatal to an appeal, *Barry*, 502 U.S. at 248, and we therefore DISMISS this appeal for lack of appellate jurisdiction.