In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2836

R.C. WEGMAN CONSTRUCTION COMPANY,

*Plaintiff-Appellant,*

*v.*

ADMIRAL INSURANCE COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 6479—**James B. Zagel**, *Judge*.

SUBMITTED JUNE 29, 2012—DECIDED JULY 19, 2012

Before EASTERBROOK, *Chief Judge*, and POSNER and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal is a sequel to our decision last year reported at 629 F.3d 724 (7th Cir. 2011), in which we reversed the dismissal of Wegman's suit against its primary insurance carrier, Admiral; the suit charges Admiral with having failed to discharge its duty of good faith to its insured by (as

we put it in another case) "gambl[ing] with the insured's money by forgoing reasonable opportunities to settle a claim on terms that will protect the insured against an excess judgment." *Twin City Fire Ins. Co. v. Country Mutual Ins. Co.*, 23 F.3d 1175, 1179 (7th Cir. 1994) (Illinois law); see also *Haddick ex rel. Griffith v. Valor Ins.*, 763 N.E.2d 299, 303-04 (Ill. 2001); *Founders Ins. Co. v. Shaikh*, 937 N.E.2d 1186, 1191-92 (Ill. App. 2010); *O'Neill v. Gallant Ins. Co.*, 769 N.E.2d 100, 109-10 (Ill. App. 2002). The suit had been brought in an Illinois state court but it was within the federal diversity jurisdiction and had been removed by Admiral to the federal district court in Chicago. The substantive issues were and are controlled by Illinois law.

A man named Budrik had sued Wegman for injuries that he'd sustained in an accident on a construction site managed by Wegman and was demanding almost $6 million to settle the suit. Wegman alleged that Admiral, having been given timely notice of the lawsuit, "knew that the Budrik Lawsuit presented a realistic possibility of a potential loss to Wegman . . . in excess of the [applicable] Admiral Policy limit," which was only $1 million, but failed to warn Wegman of this possibility. Had it done so, Wegman would (or so at any rate it alleged) promptly have sought and eventually obtained indemnity from its excess insurer, AIG, because the policy limit in the excess policy was $10 million. A prudent insured notifies its excess insurer of any claim that might exceed the policy limits of the insured's primary policy. But Wegman, the complaint continues, "did not realize that the Lawsuit presented a realistic possibility of a loss in

excess of the Admiral Policy limits until [September 2007,] a few days before the trial of the Budrik Lawsuit when a Wegman executive was casually discussing the Budrik Lawsuit with a relative who happened to be an attorney." Wegman immediately notified AIG—which refused coverage on the ground that it had not received timely notice (Budrik had filed his suit against Wegman four years before Wegman notified AIG). Budrik went on to obtain a judgment against Wegman for slightly more than $2 million, which exceeded Admiral's policy limit, thereby costing Wegman more than $1 million—and it is a small company.

Shortly after the district court had dismissed Wegman's suit against Admiral, precipitating the first appeal to us, Wegman had filed suit in an Illinois state court against AIG, challenging AIG's denial of coverage. Wegman argued that its notice to AIG had been timely. But then on remand from our decision in the first appeal, Admiral moved the district court to stay Wegman's suit against it because the suit might be rendered moot by the decision of the state court in Wegman's suit against AIG. For, should that court agree that AIG's excess policy covered Budrik's claim, Wegman would recoup the part of Budrik's judgment that Admiral had refused to pay. The district court granted the stay, and Wegman appeals.

A district court's stay of a proceeding pending before it is an interlocutory order, and therefore normally not appealable, but there are exceptions. Wegman argues for an exception for stays that are based on the rule, announced in *Colorado River Water Conservation District v.*

*United States*, 424 U.S. 800 (1976), that a federal district court may abstain in favor of a state court in which a parallel suit is pending if exceptional circumstances warrant an abdication of federal jurisdiction and not merely a delay in the proceeding in the district court. In *Colorado River* the Court ruled in favor of abstention on the basis of a variety of circumstances, including what it thought an implicit congressional aversion to having such a suit (which involved a federal claim on behalf of Indians to water rights) proceed in a federal court when a parallel suit that would resolve the entire dispute between the parties was under way in a state court.

*Colorado River* abstention can take the form either of a stay or of a dismissal, but the name is not critical to appealability. Later cases suggest that either form of order is appealable because when the condition for *Colorado River* abstention is satisfied the order of abstention, whatever it's called, is actually final. The reason is that abstention pursuant to *Colorado River* is based on a determination that the case should proceed to judgment in the state court; and that judgment would be res judicata in the federal court and thus end the federal suit, making the stay the practical equivalent of a dismissal with prejudice. As the Supreme Court later explained in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 10 and n. 11 (1983) (footnotes and citation omitted), "the District Court predicated its stay order on its conclusion that the federal and state actions involved 'the identical issue of arbitrability of the claims of Mercury Construction Corp. against the Moses H. Cone

Memorial Hospital.' That issue of arbitrability was the only substantive issue in the federal suit. So a stay of the federal suit pending resolution of the state suit meant there would be no further litigation in the federal forum; the state court's judgment on the issue would be res judicata. Thus . . . Mercury was 'effectively out of court.' . . . [This] does not disturb the usual rule that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.'" See also *CIGNA Healthcare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 852 (7th Cir. 2002); *Wilderman v. Cooper & Scully, P.C.*, 428 F.3d 474, 476-77 (3d Cir. 2005).

In his brief oral ruling granting a stay in this case, the district judge didn't even mention *Colorado River*. As in *Doctor's Associates, Inc. v. Duree*, 375 F.3d 618, 622 (7th Cir. 2004) (a case similar to the present one, because, though it involved a dismissal rather than a stay, it was a dismissal without prejudice and in the circumstances was the equivalent of a stay), "all we can say is that the district court thought it was a good idea to wait until the Illinois . . . court issued its decision." Wegman thinks it a bad idea, because it wants to proceed with discovery against Admiral and because it wants punitive as well as compensatory damages from Admiral for breach of an insurer's duty of good faith to its insured, which it's not seeking against AIG. But that is neither here nor there. All that is important, so far as the appealability of the judge's order is concerned, is that although Wegman's two suits—against Admiral in federal district court and against AIG in state court—are

related, they do not satisfy the condition for abstaining under *Colorado River*: that the parties' dispute should be litigated to judgment in the state court, obviating further proceedings in federal court. If Wegman loses its suit against AIG in state court, that will not end its dispute with Admiral; for in remanding the case against Admiral to the district court we *assumed* that Wegman's notice to its excess insurer had indeed been untimely and therefore that Wegman had no claim against AIG. If the assumption turns out to be correct and Wegman strikes out against AIG, as is entirely possible, Wegman will be able to resume its litigation against Admiral in the district court. Thus, that court is not finished with the case. The stay it granted really is a stay, and not a dismissal (with prejudice) called a stay.

The appeal must therefore be

DISMISSED.