**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2309
_____


KONGSBERG AUTOMOTIVE HOLDING ASA,
a Norway Corporation,

Appellant

v.

TELEFLEX INCORPORATED, a Delaware Corporation


_____


On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 1-09-cv-00414)
District Judge:  Honorable Gregory M. Sleet


_____


Argued on January 16, 2014


_____



Before:  RENDELL, ROTH and BARRY, <u>Circuit Judges</u>

(Opinion filed:  April 2, 2014)


_____


O P I N I O N

_____

Edward M. McNally, Esquire **(Argued)**
Patricia A. Winston, Esquire
Morris James
500 Delaware Avenue
Suite 1500
Wilmington, DE 19081

        Counsel for Appellant


Sean J. Bellew, Esquire   **(Argued)**
Ballard Spahr
919 North Market Street
11th Floor
Wilmington, DE 19801

David A. Felice, Esquire
Bailey & Glasser
2961 Centerville Road
Suite 302
Wilmington, DE 19808

        Counsel for Appellee

**ROTH**, Circuit Judge:

Kongsberg Automotive Holding ASA appeals the April 29, 2013, order of the District Court, staying this litigation pending the resolution of a court action in Canada. Because our jurisdiction is limited to the "final decisions of the district courts," 28 U.S.C. § 1291, and because the District Court's stay order is not a final decision, we will dismiss Kongsberg's appeal for lack of jurisdiction.

I.    **Background**

In February 2006, Teleflex Canada Limited Partnership (Teleflex Canada), a wholly-owned subsidiary of Teleflex, entered into a contract with Bombadier

2

Recreational Products, Inc. (BRP), a maker of recreational vehicles. Under the agreement, Teleflex Canada agreed to design, develop, supply, and sell Dynamic Power Steering (DPS) units to BRP, to be used in BRP's Roadster Can-Am Spyder.

In early 2007, Teleflex transferred certain responsibilities with respect to the DPS product line from Teleflex Canada to Megatech, a sister company of Teleflex Canada which was also owned by Teleflex. The parties agree that the transferred responsibilities included the manufacture and production of DPS units. However, they disagree as to whether responsibility for the design of the units was also transferred to Megatech or whether it remained with Teleflex Canada. On October 1, 2007, BRP and Megatech entered into a supply agreement by which Megatech agreed to produce the DPS unit.

On October 14, 2007, Teleflex and Kongsberg entered into a purchase agreement whereby Kongsberg acquired Teleflex's Global Motion Systems operations, "its business unit that designs, manufactures, and markets automotive and industrial driver controls, motion systems, and fluid handling systems." Evidently, this included Megatech, but not Teleflex Canada. The purchase agreement defined certain liabilities as "Excluded Liabilities," including liabilities arising out of or related to contracts not assigned to or assumed by Kongsberg in the purchase agreement. Teleflex retained responsibility for such Excluded Liabilities. According to Kongsberg, the 2006 supply agreement between Teleflex Canada and BRP "is an Excluded Liability under the Purchase Agreement and [therefore] the responsibility for the design of the DPS remained with Teleflex." Conversely, Teleflex maintains that through the purchase agreement, Kongsberg "purchased Megatech and Megatech's obligations with respect to the DPS unit."

3

Kongsberg filed this action against Teleflex in the Delaware District Court, seeking a declaration that Teleflex is responsible for these alleged defects under the 2006 agreement and must indemnify Kongsberg from any and all claims regarding those alleged defects.

In November 2010, BRP filed a lawsuit against Teleflex and Kongsberg in Quebec, Canada, seeking reimbursement and indemnification for any claims regarding defects in the DPS units. In that suit, BRP alleged that both Teleflex and Kongsberg are responsible for defects in the design, development, and manufacturing, of the DPS units, and that these defects exposed BRP to third-party claims.

On April 29, 2013, the District Court in the Delaware action granted Teleflex's motion to stay the proceedings pending the outcome of the Canadian action. In the District Court's estimation, resolution of the issues presented in that action "is likely to simplify the issues before the" District Court in this action. After the District Court granted this motion, the Canadian action was itself stayed until June 29, 2014, with Kongsberg's consent.[1]

## II. Discussion

With limited exceptions, our jurisdiction is limited to appeals from the "final decisions of the district courts" within our Circuit. *See* 28 U.S.C. § 1291. Accordingly, we may typically review only those decisions that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Quackenbush v. Allstate*

---

[1] Kongsberg's Motion for Judicial Notice of the stay order in the Quebec action is granted.

4

*Ins. Co.*, 517 U.S. 706, 712 (1996) (internal quotation marks omitted). The "usual rule" is that a district court's order staying proceedings is not a final decision under § 1291. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983). A stay is considered a final decision under § 1291, however, if it "amounts to a dismissal of the suit" because it "has the effect of putting the plaintiff out of court . . .." *Wilderman v. Cooper & Scully, P.C.*, 428 F.3d 474, 476 (3d Cir. 2005) (internal quotation marks omitted).

The District Court's order staying Kongsberg's declaratory judgment action was not a final decision. Although the stay was entered to permit a foreign court to simplify the legal issues in this case, the Canadian action will not make the Delaware action *res judicata*. *See Wilderman*, 428 F.3d at 477. Thus, a final resolution of the Canadian action will not put Kongsberg out of court on its claim for declaratory judgment. *See Michelson v. Citicorp Nat'l Servs., Inc.*, 138 F.3d 508, 514 (3d Cir. 1998). Moreover, as a party to the Canadian action, Kongsberg has at least some control over the speed at which that action will progress. *See CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135-36 (3d Cir. 2004). The fact that Kongsberg has consented to stays in that action means that Kongsberg is at least partially responsible for the delays. [2]

**III.    Conclusion**

---

[2] Although we find that the District Court's stay order is not appealable, we recognize that further developments or delays in the Canadian action could unreasonably delay Kongsberg's case in Delaware. In that circumstance, a future petition to the District Court to lift the stay could be appropriate. The current record, however, does not support Kongsberg's claim that the stay in the Canadian action is so temporally indefinite as to put it effectively out of court in Delaware.

For these reasons, the District Court's stay order did not amount to a dismissal, did not have the effect of putting Kongsberg out of court on its claim for declaratory judgment, and was not a final decision. We therefore lack jurisdiction in this case, and will dismiss this appeal.