NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 28, 2020*
Decided June 8, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

| | |
|---|---|
| No. 19-2105 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| RONALD SCHROEDER, *Plaintiff-Appellant*, | |
| *v.* | No. 17-C-1676 |
| KIMBERLY MALONE, *et al.*, *Defendants-Appellees*. | Lynn Adelman, *Judge*. |

**Order**

The district court dismissed this suit for want of prosecution after plaintiff Ronald Schroeder repeatedly failed to respond to the defendants' motion for summary judgment. Dismissal for want of prosecution is presumptively with prejudice, see Fed. R. Civ. P. 41(b), but a district court may provide otherwise. The judge twice warned Schroeder that failure to respond would lead to dismissal without prejudice and, when

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Schroeder persisted, the judge carried through. Both the judge's explanation for his action and the judgment entered by the district court state that the dismissal is without prejudice.

Dismissal without prejudice is not a final decision and therefore cannot be appealed under 28 U.S.C. §1291. See, e.g., *Alejo v. Heller*, 328 F.3d 930, 935 (7th Cir. 2003). But Schroeder appealed anyway—and, without discussing the finality problem, appellees' brief asserts that we have jurisdiction. Still, we must consider that question even though the parties have bypassed it.

A dismissal nominally without prejudice can be appealed if it is the end of the line for plaintiff as a practical matter—if, for example, the statute of limitations has expired, see *Doctor's Associates, Inc. v. Duree*, 375 F.3d 618, 622 (7th Cir. 2004)—or if it is clear that the phrase "without prejudice" is a misnomer or clerical error. But Schroeder still has time to file a new suit under the six-year statute of limitations that was in force at the time of the contested events. (Wisconsin allowed six years under Wis. Stat. §893.53 for claims arising before 2018, when the time was cut to three years. The events that led to this suit occurred in 2017.) And the district judge's multiple warnings that the suit would be dismissed without prejudice—warnings implemented in the final dismissal order—show that the terms of the judgment are not a slip of the pen.

It is hard to see how dismissal without prejudice can induce litigants to follow the court's deadlines. See *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) ("If dismissal [under Rule 41(b)] was to be a meaningful sanction, it had to be dismissal with prejudice."); *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016) ("Dismissal without prejudice would have been no sanction at all"). But defendants have not filed a cross-appeal to contend that the decision should have been with prejudice. This means that we cannot modify the judgment to make it more favorable to the defendants. See *Greenlaw v. United States*, 554 U.S. 237 (2008). The only appeal before us, filed by Schroeder, must be dismissed because a genuine dismissal without prejudice is not a final decision.

The appeal is dismissed for want of jurisdiction.