**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020[*]
Decided September 2, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1256

| | |
|---|---|
| TRAVIS DICKERSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 19-CV-177 |
| | |
| ALLISON GERSY and | Nancy Joseph, |
| DILLION BEVERLY, | *Magistrate Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Without first pursuing an administrative remedy, Travis Dickerson, a Wisconsin inmate, sued Allison Gersy and Dillion Beverly, two corrections officers, after they refused to add his friend to the prison's list of his permitted visitors. The district court dismissed his suit for failure to exhaust his administrative remedies. Because Dickerson had an available administrative remedy that he did not use, we affirm.

Dickerson, an inmate at the Milwaukee Secure Detention Facility in Wisconsin, alleges that after he asked Gersy, an officer with the Division of Community

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Corrections, to add his friend Hattie Smith to the prison's list of his permitted visitors, she refused. When Smith contacted Gersy and her supervisor, Dillion Beverly, to inquire about the procedure to get on the visitor's list, Smith was instructed to come to the office to sign a statement affirming that she was not afraid of Dickerson. She never did so. Gersy then sent Dickerson a copy of his current list of permitted visitors. It stated that his friend Smith was omitted because of "victimization." *See* WIS. ADMIN. CODE DOC § 309.08(4)(g).

Dickerson responded by suing the officers under 42 U.S.C. § 1983. He viewed the denial of his request as unjustified retaliation for an earlier-filed civil-rights suit against Gersy and a violation of his right to freedom of association. The defendants moved for summary judgment, arguing that Dickerson had not filed a grievance through Wisconsin's Inmate Complaint Review System, so he failed to exhaust his available administrative remedies before suing. Presiding by consent of the parties, 28 U.S.C. § 636(c), the magistrate judge initially denied the motion. According to the judge, the record did not establish that Dickerson needed to file a grievance because, among other things, the defendants may not have worked at the prison and their actions may not have affected his conditions of confinement. The defendants then successfully moved for reconsideration, pointing out that the warden "would have determined" who was permitted on Dickerson's visiting list. Dickerson could have appealed the decision administratively but did not. *See* WIS. ADMIN. CODE DOC § 309.08(6); *see also id.* § 309.08(4) ("The warden shall determine whether a person may be approved for visiting … ."). Accepting that this argument established a lack of exhaustion, the judge wrote her "reasons" for "dismiss[ing] this case without prejudice for failure to exhaust administrative remedies." The judgment, which the court then entered on a document separate from those reasons, states that the case is "dismissed with prejudice."

Before we reach the merits, we first assure that we have jurisdiction over the appeal. Generally, a dismissal without prejudice is not a final decision and therefore cannot be appealed under 28 U.S.C. § 1291. *See, e.g., Alejo v. Heller*, 328 F.3d 930, 935 (7th Cir. 2003). But for two reasons the decision here is final. First, a nominally nonprejudicial dismissal may be "functionally final" if an expired statute of limitations would block a refiled case. *Doctor's Assocs., Inc. v. Duree*, 375 F.3d 618, 622 (7th Cir. 2004). Wisconsin requires an inmate to file a complaint within the prison system within 14 days of the offending act unless good cause justifies more time. WIS. ADMIN. CODE DOC § 310.07(2). Nothing in the record suggests that Dickerson needed more than 14 days after he learned of the adverse decisions to file an internal complaint. So if this dismissal was "without prejudice," it would be "functionally final." But the *judgment*,

reflected in the separate document that the judge entered, *see* FED. R. CIV. P. 58, is not without prejudice. This document says that the judgment is "with prejudice." For purposes of appellate jurisdiction, this separate document is the "source of legal obligations," not the preceding opinion that "explains the reasons for entering [the] judgment." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 591 (7th Cir. 1990). Thus our jurisdiction is secure.

On the merits the record establishes beyond dispute that Dickerson did not administratively exhaust. Prisoners may not sue about "prison conditions … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Dickerson does not deny that the absence of his friend from his list of approved visitors affects his experience in prison, so this suit is about "prison conditions." The defendants maintain that because the warden "would have determined" who was on his visiting list, WIS. ADMIN. CODE DOC § 309.08(4), Dickerson needed to appeal the warden's decision within the prison system, *id.* § 309.08(6). He did not do so. Dickerson replies that the two officers he sued, *not* the warden, denied his request, so section 309.08(6) does not apply. Even if he is right that these officers denied his request and that section 309.08(6) does not apply, Dickerson still loses on exhaustion grounds. He alleges that these officers work for Wisconsin's Division of Community Corrections. And the Inmate Complaint Review System permits inmates to "raise issues regarding policies, rules, living conditions, or *employee actions* that personally affect the inmate or institution environment." *Id.* § 310.06(1) (emphasis added). By denying Dickerson's request to expand his list of permitted visitors, these two persons "personally affect[ed]" him, so this provision gave him an internal remedy. And because he did not pursue it, he failed to exhaust.

Dickerson offers two responses, neither persuasive, for why this remedy was nonetheless unavailable to him. First, he argues that the defendants who processed his request are employees only of the Division of Community Corrections, not his prison. But nothing about section 310.06(1) suggests that "employee" is limited to only employees of the facility in which the inmate is held. Rather, it covers any "employee" of Wisconsin's Department of Corrections. *See id.* § 309.01 ("This chapter applies to the department of corrections, and to all inmates in the legal custody of the department … ."). And Dickerson does not dispute (nor could he) that the employees of the Division, which is part of Wisconsin's Department of Corrections, are employees of the Department. *See Division of Community Corrections*, STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS, https://doc.wi.gov/Pages/AboutDOC/Community Corrections/Default.aspx (last visited August 28, 2020).

Second, Dickerson argues that the officers' denial of his request was an unreviewable "parole commission" decision. *See* WIS. ADMIN. CODE DOC § 310.06(3)(b) (exempting such decisions from the grievance-review process). But he offers nothing to support his argument beyond the presence of the word "parole" in the job titles that he attributes to the defendants. The commission generally considers whether to grant parole to qualified inmates, not whether to allow visitors at prisons, so the defendants' action was not a "parole commission" decision. *See* WIS. STAT. § 304.01(2).

AFFIRMED