ALD-159                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1666
_____

IN RE: DARRELL HUBBARD,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:24-cv-08968, D.N.J. Civ. No. 2:24-cv-09956, and
D.N.J. Civ. No. 2:25-cv-01066)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 29, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: June 2, 2025)

_____

OPINION[*]

_____

PER CURIAM

 Darrell Hubbard petitions this Court for a writ of mandamus pursuant to 28 U.S.C.

§ 1651, seeking relief from various procedural rulings in his three pending civil actions in

the District of New Jersey. We will deny his petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hubbard filed three distinct civil complaints. For ease of reference, we will use the District Court's naming convention: Docket 2:24-cv-08968 is the "First Action" or the "Lead Action," Docket 2:24-cv-09956 is the "Second Action," and Docket 2:25-cv-01066 is the "Third Action."[1] All three actions stem from the same 1996 New Jersey state criminal investigation and arrest. The Third Action focuses on Hubbard's efforts in 2023 to expunge part or all of his criminal record. The First and Second Actions allege that Hubbard discovered evidence during the 2023 expungement proceedings regarding unconstitutional police and prosecutorial actions in the 1996 investigation and prosecution.

Hubbard filed a pro se petition for writ of mandamus in this Court that challenges some of the District Court's early procedural rulings. The petition primarily (1) contested orders temporarily staying all parties from submitting certain filings, (2) contested orders that administratively terminated some filings, (3) requested the recusal of one Magistrate Judge that Hubbard alleged to be biased against him, and (4) requested that this Court direct the District Court to rule on the defendants' pending motion to consolidate the First and Second Actions. In supplemental filings, Hubbard also seeks, among other things, the vacatur of District Court orders that (1) sealed Hubbard's many filings that disclosed a defendant's home address and (2) consolidated all three actions. Additionally, Hubbard has attempted to bolster his theories of judicial bias by requesting that this Court take

---

[1] Unless otherwise stated, all "ECF No." cites refer to filings in the Lead Action.

2

judicial notice of a purported "Class Action RICO Complaint"[2] in which Hubbard theorizes that three of the District and Magistrate Judges who have presided over the underlying actions "colluded" to obstruct his litigation, in violation of federal criminal racketeering law.

None of Hubbard's requests warrant mandamus relief. Such relief "is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). To obtain a writ of mandamus, Hubbard must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." See id. "[A] writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (cleaned up).

First, Hubbard generally seeks the disqualification or recusal of three judges that he believes have exhibited bias in adjudicating his underlying actions. Our mandamus authority includes the power to order a District or Magistrate Judge to recuse him or herself. See 28 U.S.C. § 455(a) (requiring recusal from "any proceeding in which [a federal jurist's] impartiality might reasonably be questioned"); see also Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Recusal under § 455(a) is required where a reasonable person who is aware of all relevant facts might reasonably question a judge's impartiality. In re Kensington Int'l Ltd., 368 F.3d 289, 302 (3d Cir.

---

[2] It appears that Hubbard has not filed this complaint in a District Court action, and he instead seeks (1) judicial notice of the complaint, and (2) referral of the complaint to the United States Department of Justice.

2004). After reviewing Hubbard's filings, we conclude that no reasonable person would reasonably question any jurist's impartiality based on (1) his mere disagreements with the District Court's procedural rulings, and (2) his unsupported theory that three judges have colluded to rule against him in routine procedural motions on account of political bias. See SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."); See United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989) (reasoning that recusal motions "must rest on the kind of objective facts that a reasonable person would use to evaluate whether an appearance of impropriety had been created, not on 'possibilities' and unsubstantiated allegations"). Because there is no appearance of impropriety or actual evidence of judicial bias, we decline Hubbard's related requests to transfer this matter to a different venue and to initiate judicial disciplinary proceedings.

Second, Hubbard's mandamus petition incorrectly states that the District Court has "indefinitely" stayed his proceedings. Rather, in a March 2025 order, the District Court temporarily stayed proceedings, directing parties not to file additional motions except for filings regarding pending motions to dismiss, until the District Court either (1) disposes of the consolidation motion and the motions to dismiss or (2) files an order eliciting some response from the parties.[3] The writ of mandamus can provide relief from a stay order only if the order constitutes an abuse of discretion. See Wilderman v. Cooper & Scully,

---

[3] The District Court recently entered an order staying proceedings pending disposition of the mandamus petition now before this Court. Based on that order, Hubbard filed an addendum to his petition. Nothing in the addendum changes the result we reach today.

4

P.C., 428 F.3d 474, 478 (3d Cir. 2005). But here, the District Court did not abuse its discretion in entering a temporary stay order to facilitate its triage and disposition of a flurry of pretrial motions.[4]

Hubbard has additionally requested that we vacate several other District Court orders. But Hubbard can raise most of his challenges to these procedural rulings in a properly filed appeal from a final order, so mandamus relief is inappropriate.[5] Even if Hubbard asserts any procedural errors here that he will not be able to assert in a direct appeal, mandamus relief is unwarranted because courts generally enjoy discretion in managing their own dockets, and he has no "clear and indisputable right" to a different outcome in these discretionary matters. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982); Allied Chem. Corp. v. Daiflon, 49 U.S. 33, 36 (1980).

Consequently, we will deny Hubbard's mandamus petition. All of Hubbard's pending motions and requests for relief are denied.

---

[4] It is not clear whether Hubbard is asserting that the stay has caused some unreasonable delay in his litigation. Cf. C.A. No. 1 at 13-14. Either way, the amount of delay here does not warrant our intervention, particularly given the abundance of party-filings. Cf. Madden v. Myers, 102 F.3d 74, 76 & 79 (3d Cir. 1996).

[5] Most importantly, Hubbard can challenge the consolidation order in an appeal from a final order. The consolidation order is not a final order, and the administrative closures of Hubbard's Second and Third Actions are not final orders. See Brace v. O'Neill, 567 F.2d 237, 240 n.9 (3d Cir. 1977) ("An order granting or denying consolidation is a nonappealable interlocutory order"); Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 247-48 (3d Cir. 2013) (concluding that an administrative order closing a case is generally not a final order).