In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 10-2013, 10-2042 & 10-3026

REASON LEE, JAMES WASHINGTON, and
MICHAEL MOORE,

*Plaintiffs-Appellants*,

*v.*

COOK COUNTY, ILLINOIS, *et al.*,

*Defendants-Appellees*.

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
Nos. 09 C 2992, 3281 & 3282—**Virginia M. Kendall** and
**Amy J. St. Eve**, *Judges*.

ARGUED JANUARY 11, 2011—DECIDED MARCH 22, 2011

Before EASTERBROOK, *Chief Judge*, and CUDAHY and
POSNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Plaintiffs, three employees
of the Cook Country prison system, contend that their
employer discriminates against black workers when
making promotions. Together with nine other em-
ployees, they filed a suit under Title VII of the Civil

Rights Act of 1964. District Judge Castillo thought that the 12 plaintiffs' contentions were too disparate to justify joint litigation. He dismissed the complaint without prejudice and told the plaintiffs that they had 40 days to file individual suits.

That order was entered on September 18, 2008, and the time specified in Judge Castillo's order expired in late October. Reason Lee, James Washington, and Michael Moore did not file their individual complaints until May 14, 2009 (Moore), or May 29, 2009 (Lee and Washington). Moore's suit was assigned to Judge Kendall; the other two were assigned to Judge St. Eve. Both judges dismissed the complaints as untimely. The EEOC issued right-to-sue letters in March 2008, and recipients have 90 days to commence litigation. 42 U.S.C. §2000e-5(f)(1). The original multi-plaintiff action, filed on May 14, 2008, was timely. But by September it was too late to file another. Perhaps defendants would have refrained from protest had plaintiffs filed new actions within the time Judge Castillo specified. But plaintiffs did not; indeed, they took substantially more than 90 days following the order of September 18, 2008. Thus even if the time was deemed tolled while the original suit was on file, the new suits are barred by the statute of limitations. So Judges Kendall and St. Eve concluded when dismissing these suits.

This litigation has gone off the rails because of multiple errors. The failure of Michael J. Greco, representing these three plaintiffs, to act promptly after Judge Castillo's order, is only one problem. It is a fatal one, as

we explain below, but Judge Castillo should not have presented Greco with the opportunity to bungle his clients' cases away. There was nothing wrong with the original complaint. Multiple plaintiffs are free to join their claims in a single suit when "*any* question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(B) (emphasis added). The common question need not predominate; that's a requirement for class actions, not for permissive joinder. Whether the Cook County prison system discriminates against black employees when making promotions is a question common to all plaintiffs' claims.

If other issues predominate over the common question, the district judge is entitled to sever the suit or order separate trials. Fed. R. Civ. P. 20(b), 21. When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately. Rule 21 adds: "Misjoinder of parties is not a ground for dismissing an action." Judge Castillo's order dismissing the original suit and directing Greco to file new actions violated Rule 21.

There's a reason why Rule 21 reads as it does: When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously. It is not reset by the filing and dismissal as it is in some states (including Illinois), which allow litigants a period to re-file after a dismissal. In federal practice, by contrast, when a suit is dismissed, "the tolling effect of the filing of the

suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.*" Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). See also *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 923 (7th Cir. 2003); *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002). Thus on the very date that Judge Castillo dismissed the original suit, nominally without prejudice, it was *already* too late for plaintiffs to file individual suits.

They should have appealed immediately. Although a dismissal without prejudice nominally is not final, and thus can't be appealed, when the decision effectively precludes re-filing—as it did here—it is treated as final and appealable. *Schering-Plough Healthcare Products, Inc. v. Schwartz Pharma, Inc.*, 586 F.3d 500, 507 (7th Cir. 2009). An appeal would have produced a remand with instructions to reinstate the suit in compliance with Rules 20(b) and 21. But Greco did not appeal, the time to do so has long passed, and the fact that an un-appealed order dismissing a suit may have been erroneous does not extend the time to file a replacement suit.

Greco does not contend in this court that his suits are timely under §2000e-5(f)(1). Instead he argues that Judge Castillo extended the statute of limitations by granting extra time to file replacement actions. He does not contend that these orders were valid, and they

weren't. District judges lack authority to extend statutory periods of limitations. A district judge can't say something like: "The statute gives a plaintiff 90 days to sue, but this is too short, so I am extending the time to 14 months." A statute of limitations confers rights on putative defendants; judges cannot deprive those persons of entitlements under a statute. If a judge can't extend the period of limitations directly, why should orders adding time to re-file a dismissed action be effective?

Perhaps Greco is invoking the idea that a filing with a federal judge may be deemed timely "where a party has performed an act which, if properly done, would [meet] the deadline . . . and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179 (1989). (This approach no longer affects the time to file notices of appeal. See *Bowles v. Russell*, 511 U.S. 205 (2007); we need not decide its status as applied to non-jurisdictional time limits.) Judge Castillo did not specifically assure Greco that filing new complaints by May 2009 would be "properly done," and thus induce Greco to wait. To the contrary, Judge Castillo set several earlier deadlines, which Greco missed. The timeline is a bit more complex than we have given it, but Greco concedes that he missed the initial deadline set by the district court. By May 2009 the window had long closed; Greco had taken almost five times the statutory limit of 90 days.

It does not help to invoke the doctrine of equitable tolling. A litigant is entitled to equitable tolling if "he

shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), quoting from *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Greco did not pursue his clients' rights diligently—after the suit was dismissed in September 2008, effective re-filing took almost three times the 90 days allowed for an initial filing—nor was dismissal without prejudice an "extraordinary circumstance" that undermined his clients' rights. Nothing prevented plaintiffs from appealing Judge Castillo's order dismissing the initial suit, or from filing new suits within the 40 days he set for that task. Greco has never said why he did not meet that deadline. A lawyer's ineptitude does not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The remedy is not continued litigation against defendants, who are entitled to stand on their right to dismissal when the plaintiff does not file a timely suit; the remedy is a malpractice action against the lawyer whose negligence is responsible for the problem. See, e.g., *Farzana K. v. Indiana Department of Education*, 473 F.3d 703, 706 (7th Cir. 2007).

Plaintiffs insist that, if they tarried too long to file individual suits, defendants took too long to invoke the statute of limitations. Plaintiffs observe that defendants did not present a limitations defense to the complaint initially filed, or to their next (and swiftly dismissed) second joint complaint in March 2009 (a document that did not comply with Judge Castillo's order to file individual complaints by the end of October 2008). Not until

responding to the complaints filed in May 2009 did the defendants invoke the statute of limitations. But so what? There was no reason to present a limitations defense to the timely suit filed in May 2008, and although the March 2009 joint complaint was untimely it was defective for other reasons too and did not last long. Defendants invoked their rights with dispatch in response to the May 2009 suits; what they did or did not do in response to earlier suits is irrelevant. Under Fed. R. Civ. P. 12(h)(2)(C), defendants can present a limitations defense as late as the trial, because it is not among the matters that must be raised earlier under Rule 12(h)(1). Like other legal contentions, the benefit of the statute of limitations may be waived by agreement or by conduct inconsistent with the rights it confers, but defendants did not waive their right to have these untimely suits dismissed.

Greco's calamitous handling of this litigation in the district court has been followed by a sloppy performance in this court. As we've mentioned, Greco has never related why he did not appeal in September 2008 or file new suits by the end of October 2008. And his performance has been marked by procedural gaffes, three of which led to orders to show cause why the appeal should not be dismissed—and one of which led to his clients' brief being struck.

Circuit Rule 3(c) requires counsel to file a docketing statement within a week of the appeal. Greco failed to file a statement until two weeks after we ordered him to show cause why his inaction should not lead to sanc-

tions. We issued another order in June 2010 directing Greco to reply to a motion to consolidate the three appeals; he ignored our order until we issued a second order to show cause. Then the time for him to file a brief expired; eight days after the deadline, Greco finally submitted a brief, together with a request for a retroactive extension, even though Circuit Rule 26 requires motions for extra time to be filed at least a week *before* the due date. The belatedly tendered brief did not include a digital version, despite Circuit Rule 31(e). Personnel in the clerk's office called Greco repeatedly; he did not return their calls. This led to the third order to show cause, which at last prodded Greco to submit a digital version—but the version he submitted did not comply with the rule, because it was missing some sections. Exasperated, we struck the brief but offered to reinstate it if Greco at last complied fully with Circuit Rule 31(e). This order also directed Greco to show cause why he should not be fined or otherwise disciplined for ignoring the inquiries from the clerk's office and failing to comply with Rule 31(e) despite repeated requests.

Greco's response to this last show-cause order, the fourth in a single appeal, is consistent with his performance throughout the litigation. It slights one of the two subjects we directed him to address and does not tell us why he failed to return calls from the clerk's office and disregarded Rule 31(e) until the third show-cause order was issued. (He does say that "Greco has not ignored telephone calls from this court", which essentially accuses the staff of the clerk's office of lying about trying to reach him. We think that unlikely.) And with respect to

the subject that it does address, Greco labels his deficient compliance an "oversight" but does not explain why the error was made. We do not penalize lawyers who rely on plausible misreadings of ambiguous rules, but Greco does not contend that Rule 31(e) is ambiguous or offer any explanation for his failure to do what it commands. Cf. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

The events recounted in this opinion show that Greco is a menace to his clients and a scofflaw with respect to appellate procedure. The district court may wish to consider whether he should remain a member of its bar. Would-be clients should consider how Greco has treated Lee, Washington, and Moore. Greco has not asked for a hearing on the disciplinary order to show cause, and we now conclude that he has comported himself unprofessionally. We reprimand Greco for this unprofessional behavior and fine him $5,000, payable to the Clerk within 14 days. Greco must send Lee, Washington, and Moore copies of this opinion so that they may consider whether to file malpractice suits against him.

One other observation. Greco was allowed to file briefs and deliver the oral argument on behalf of his clients only as a result of an oversight. He is not a member of this court's bar. Circuit Rule 46(a) gives counsel 30 days after the appeal is docketed to join our bar, if they are not members already. Greco did not meet that deadline and did not even file an application until the appeal was well under way. Ruling on the application was complicated by the fact that Greco was recently dis-

ciplined by a state court. Applications that reveal a disciplinary history are subjected to special scrutiny. We will defer action on Greco's application until he has paid the fine. After paying, Greco must submit an affidavit establishing that he is in good standing at all bars to which he has ever been admitted.

The judgment is affirmed, sanctions are imposed, and directions are issued.