NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 31, 2011[*]

Decided April 8, 2011

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

| | |
|---|---|
| **No.**  10-2199 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| LEE E. AMMONS, JR., <br> *Plaintiff-Appellant,* | |
| **v.** | No. 08 C 2779 <br> Ruben Castillo, *Judge.* |
| COOK COUNTY, *et al.,* <br> *Defendants-Appellees.* | |

### Order

This proceeding is similar to three recently resolved in *Lee v. Cook County*, No. 10-2013 (7th Cir. March 22, 2011). In this case, as in *Lee*, the district court dismissed the complaint as untimely. One difference is that in this case counsel for the plaintiff did not manage to file a timely appeal.

After the district court dismissed the complaint, counsel filed a motion for

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

reconsideration under Fed. R. Civ. P. 59. The district judge denied this motion on March 23, 2010. Counsel then filed what he styled an "amended" motion for reconsideration. Successive motions for reconsideration are not allowed, and this motion was filed outside the time for a proper Rule 59 motion. Thus the district court correctly treated it as a motion under Fed. R. Civ. P. 60(b) and denied it. Thirty days later, counsel filed a notice of appeal. Because the notice filed on May 14, 2010, came more than 30 days after the order denying the genuine Rule 59 motion, it does not present for appellate decision any issue concerning the dismissal of the complaint or the denial of the Rule 59 motion. The only proper appellate issues concern the denial of the Rule 60(b) motion. So we informed counsel in an earlier order, which directed him to confine his brief to issues concerning the Rule 60(b) decision.

Counsel disregarded that directive and filed a brief that devotes most of its attention to the question whether the district court erred in dismissing the suit as untimely. That question is outside our jurisdiction. Appellant's brief does not identify any possible error in the district court's handling of the Rule 60(b) motion. A motion, nominally presented under Rule 60(b), that just recapitulates arguments already presented, is properly rejected summarily. That is the situation here. The district court's decision is affirmed.

In this case, as in *Lee*, we direct attorney Michael J. Greco to furnish his client with a copy of this order so that the client can consider the possibility of malpractice litigation. Greco's failure to file a timely complaint, followed by his failure to file a timely appeal, and his disregard of this court's express instructions about which issues are properly open on appeal, reinforces our conclusion that "Greco is a menace to his clients and a scofflaw with respect to appellate procedure". *Lee*, slip op. 9.

In addition to paying the fine assessed in *Lee*, Greco must furnish the court with proof that he has complied with our direction to send copies of *Lee* and this order to his clients.