NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013[*]
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3679

| | |
|---|---|
| MICHELLE EVA McDONALD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 5435 |
| VILLAGE OF PALATINE, ILLINOIS, *Defendant-Appellee.* | Charles R. Norgle, *Judge.* |

## O R D E R

Michelle McDonald sued the Village of Palatine, Illinois, her former employer, claiming sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), and wage discrimination in violation of the Equal Pay Act, *see* 29 U.S.C. § 206(d). The district court dismissed the Title VII claims as

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

untimely and granted summary judgment to Palatine on the Equal Pay Act claim. McDonald appeals and we affirm the judgment.

We recount the evidence in the light most favorable to McDonald. In January 2004 Palatine hired her as an "Inspector I, Step 1" in its Community Services Department. That department employs three types of inspectors: Inspector I, Inspector II, and Sanitarian. As an Inspector I, McDonald checked residential properties for compliance with Palatine's rental licensing code. An Inspector II has the additional duties of examining new construction and reviewing building plans. Sanitarians primarily conduct health and sanitation inspections of restaurants, swimming pools, and special events.

In February 2006 McDonald submitted a request to Palatine under the Illinois Freedom of Information Act for the name, title, salary, and dates of employment for each person employed in the Community Services Department during 2005. After requesting from McDonald a seven-day extension to answer her request, Palatine sent her the department's payroll register for 2005.

During the twenty-eight months that McDonald worked for Palatine, she received two merit-based "step increases" and two cost-of-living increases. By the time she resigned on May 1, 2006, she was an Inspector I, Step 3. Her last day of work was May 12. That same month she filed a charge of discrimination with the Equal Employment Opportunity Commission claiming sex discrimination, harassment, retaliation, and a violation of the Equal Pay Act. She received her right-to-sue letter from the EEOC on July 27, 2006.

More than two years later, on September 23, 2008, McDonald filed this suit against Palatine, alleging that she had been harassed, discriminated against, retaliated against, and paid less than her male coworkers. On Palatine's motion the district court properly dismissed McDonald's claims under Title VII as untimely, since she filed her complaint more than 90 days after receiving her right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1); *Lee v. Cook County*, 635 F.3d 969, 971 (7th Cir. 2011). We have nothing to add on that issue.

The litigation proceeded on the Equal Pay Act claim. Palatine moved for summary judgment, principally arguing that this claim, too, was untimely. The Equal Pay Act includes alternative statutes of limitations—three years if the violation was willful and two years for any other violation, *see* 29 U.S.C. § 255(a)—and Palatine argued that McDonald lacked evidence of a willful violation and had filed her complaint more than two years after receiving her last paycheck. Palatine also contended that McDonald lacked evidence that she was paid less than any similarly situated male employee: Her pay rate, like everyone's in the Community Services Department, was dictated by a regulated pay plan, and any male employee who earned a higher salary either had more experience or seniority.

McDonald responded by arguing that she should get the benefit of the three-year limitations period, not because Palatine had engaged in a willful violation of the Equal Pay Act, but because, she insisted, the defendant was slow in meeting her FOIA request and did not even give her records covering 2006. She also identified six potential comparators: Brandon Allen, Robert Garcia, Allendro Roberts, Frank Cerny, Christopher Fish, and Erik Moyer. Palatine replied with evidence that the last three had quit working for the Community Services Department more than three years before McDonald filed suit. *See Snider v. Belvidere Twp.*, 216 F.3d 616, 618–19 (7th Cir. 2000) (concluding that female employee's claims under Equal Pay Act and Title VII that she was paid less than similarly situated male employee accrued when male left his job). And the others, Palatine argued, all held the higher position of Sanitarian, which had different eligibility criteria and job responsibilities than an Inspector I position. McDonald did not submit an affidavit or otherwise dispute Palatine's evidence, instead merely asserting that she had performed most of the same duties as these men regardless of job title.

In granting Palatine's motion, the district court concluded that McDonald lacked evidence of a willful violation and so her claim is barred by the two-year statute of limitations. McDonald moved for reconsideration and tried to submit "new" evidence: a check received on September 11, 2006, from an insurance company reimbursing her for an $8 premium overpayment. This check, according to McDonald, was her "last paycheck" from Palatine, and so her Equal Pay Act claim was timely even with the two-year statute of limitations. (McDonald based her argument on the theory that, as some courts have concluded, the statute of limitations for the Equal Pay Act begins to run when the plaintiff receives her last regular paycheck. *See Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009); *O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1068 (9th Cir. 2006); *Pollis v. New Sch. for Soc. Research*, 132 F.3d 115, 119 (2d Cir. 1997)). The court denied the motion, not only because McDonald received the check more than two years before she filed suit, but also because she possessed it when she opposed Palatine's motion for summary judgment and thus it was not "new."

On appeal McDonald remains focused on the $8 reimbursement check. That check, she argues, established a material dispute about whether she sued within the two-year time limit. It did not. Not only did the district court properly refuse to accept the late submission, but a refund of an insurance premium is not a paycheck. And even if it were, McDonald did not file her complaint until 2 years *and 12 days* after receiving that check. McDonald also argues that Palatine willfully violated the Act by not correcting the alleged pay imbalance after receiving her FOIA request, which, she asserts, put the defendant on notice that it was paying her less than her male coworkers. *See E.E.O.C. v. Madison Cmty. Unit Sch. Dist. No. 12*, 818 F.2d 577, 585 (7th Cir. 1987) (explaining that violation of Equal Pay Act is willful if defendant knew it was violating law or was indifferent to that possibility). But the FOIA

request said nothing about gender or disparate wages, and so it does not evidence that Palatine knew about McDonald's belief that she was being paid less than her male coworkers.

Moreover, even if the claim were not barred by the statute of limitations, McDonald did not show that Palatine paid its male employees more money "'for equal work requiring substantially similar skill, effort and responsibilities.'" *Cullen v. Ind. Univ. Bd. of Trs.*, 338 F.3d 693, 698 (7th Cir. 2003) (quoting *Stopka v. Alliance of Am. Insurers*, 141 F.3d 681, 685 (7th Cir. 1998)); *see* 29 U.S.C. § 206(d)(1). Her comparisons to Cerny, Fish, and Moyer are untimely: The cause of action comparing her pay to theirs accrued when they left their respective positions in the Community Services Department, *see Snider*, 216 F.3d at 618–19, which occurred more than three years before she filed suit. The remaining three potential comparators—Allen, Garcia, and Roberts—were Sanitarians. Although McDonald asserts that she did the "same work" as they did, she failed to provide an affidavit or any other evidence at summary judgment to substantiate that assertion. Thus it is undisputed that unlike McDonald, who performed residential inspections, Allen, Garcia, and Roberts had the substantially different responsibilities of conducting health and sanitation inspections at restaurants, swimming pools, and special events. *See Merillat v. Metal Spinners, Inc.*, 470 F.3d 685, 695 (7th Cir. 2006); *Cullen*, 338 F.3d at 698. Sanitarians are required to be Licensed Environmental Health Practitioners under Illinois law, *see* 225 ILCS 37/10, 37/15; the three men but not McDonald had this license, which makes even her assertion that she was doing the same work wholly implausible. She was not paid less for the same job; she was paid less for a job with fewer responsibilities and educational requirements. *See Sims-Fingers v. City of Indianapolis*, 493 F.3d 768, 771–72 (7th Cir. 2007).

We have examined the other arguments raised by McDonald and conclude that none has merit.

AFFIRMED.