In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-3743

ALVERNEST KENNEDY,

*Plaintiff-Appellant,*

*v.*

CHARLES A. HUIBREGTSE and KENNETH ADLER,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:13-cv-00004-WCG — **William C. Griesbach**, *Chief Judge.*

ARGUED JULY 6, 2016 — DECIDED JULY 27, 2016

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, an inmate of a Wisconsin state prison, filed this *in forma pauperis* suit against the defendants, who are prison doctors, in federal district court. The suit alleges deliberate indifference to the plaintiff's medical needs, in violation of 42 U.S.C. § 1983, and also medical malpractice in violation of Wisconsin law. A Latin phrase, *in forma pauperis* means "in the character or manner of a pauper" and entitles an indigent to sue without having to pay

the full court fees or costs in advance, though if he is not utterly penniless he can be required to make partial payment. 28 U.S.C. §§ 1915(a), (b).

In the course of the district court proceedings the defendants learned that in seeking permission to litigate *in forma pauperis* the plaintiff had failed to disclose that he had approximately $1400 in a trust account outside the prison. On the basis of that information the defendants successfully moved the district judge to dismiss the suit pursuant to 28 U.S.C. § 1915(e)(2)(A), which states that "the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." The dismissal was with prejudice, thus barring the plaintiff (if we affirm) from refiling, as he could do had the dismissal been without prejudice, provided the statute of limitations had not run.

A curious feature of the appeal is that it does not challenge the decision to dismiss the case with rather than without prejudice. At oral argument the appellant's lawyer did suggest that dismissal without prejudice would have been a more appropriate sanction, but he did not develop the argument and in any event it came too late, not having been briefed. See, e.g., *Veluchamy v. FDIC*, 706 F.3d 810, 817 (7th Cir. 2013). The reason for the bobble appears to have been the lawyer's erroneous belief (corrected too late) that a three-year statute of limitations governs the suit and that a dismissal without prejudice would therefore "have the same impact as a dismissal with prejudice, as the Wisconsin statute of limitations for [the plaintiff's] claims has expired." Only it hasn't for one of his claims; the statute of limitations for section 1983 claims in Wisconsin is *six* years, not three, *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010);

*Malone v. Corrections Corporation of America*, 553 F.3d 540, 542 (7th Cir. 2009), and therefore a newly filed suit under section 1983 would be timely because the alleged malpractice occurred within the last six, though not the last three, years. Wisconsin's three-year statute of limitations would, however, bar the plaintiff's other claim, the one for medical malpractice. See Wis. Stat. § 893.55(1m).

We might forgive the lawyer's error if we thought the judge should have dismissed the plaintiff's suit without prejudice. But the decision to dismiss with prejudice was proper. In seeking permission to appeal *in forma pauperis* the plaintiff had had to fill out a form that asked him to "state the total amount of cash and the average monthly balance in all checking, savings, prison, or other accounts during the last six months." He stated: "approximately $10.00," and accordingly requested that the full amount of the filing fee be deducted from his inmate "release savings account," which in Wisconsin is a prison account that contains funds generally available to the inmate only upon his release from prison. Wis. Administrative Code DOC §§ 309.02(18), 309.466(2). They can however be used to pay filing fees if a court so orders, *State ex rel. Coleman v. Sullivan*, 601 N.W.2d 335, 337–38 (Wis. App. 1999), and the federal district judges in Wisconsin allow this for suits filed in their courts as well. See, e.g., *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 863 (E.D. Wis. 1999).

The plaintiff had $726 in his release account. The district judge allowed him to proceed *in forma pauperis* and assessed an initial partial filing fee of $149 to be paid from the account. See 28 U.S.C. § 1915(b)(1). The judge also recruited a lawyer to assist the plaintiff with a discovery dispute, be-

cause if the plaintiff's representation of his assets was correct he could not afford to hire a lawyer.

But in the course of pretrial discovery the defendants learned that about a year before filing suit the plaintiff had begun recouping child-support payments from his ex-wife. A lawyer friend of his named Joshua Levy had created and managed a trust account for the plaintiff outside the prison into which the recouped moneys were deposited. The account had a balance of about $1400 when the plaintiff applied for leave to proceed *in forma pauperis*—not the "approximately $10" that he had claimed was all the money he had in "all checking, savings, prison, or other accounts."

Although he claims that because he eventually paid the full filing fee from his release fund his failure to disclose the trust account was much ado about nothing, the district judge disagreed. With the release fund generally available to an inmate only upon his release from the prison, the plaintiff had no right to use the account to pay his filing fee when his trust account was ample to pay it. It's true that even when the amount of the money in his trust fund is added to the money in his prison release fund and his general prison account, the total amount of his assets was only slightly in excess of $2000, a sum consistent with poverty. But this is misleading because the prison provides prisoners with food, clothing, shelter, medical care, and protection (albeit often spotty) against criminal assault, making the plaintiff's entire $2000+ available to finance his lawsuit. Of course a suit for deliberate indifference and medical malpractice is bound to require a much greater expense than that to be winnable, but the plaintiff could (and did) ask the judge to recruit counsel for him and the judge did so, even though he lacked a com-

plete picture of the plaintiff's financial situation. The judge could also have appointed a neutral expert witness under rule 706 of the Federal Rules of Evidence, but the case was dismissed before such an appointment was made. See *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 941 (7th Cir. 2015); *Rowe v. Gibson*, 798 F.3d 622, 631–32 (7th Cir. 2015).

Although the district judge might have granted the plaintiff's *in forma pauperis* petition even if he'd disclosed his separate trust account, hiding assets is not a permissible alternative to seeking the judge's assistance. An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the trust fund in this case) are not dispositive. A litigant can't say, "I know how the judge *should* rule, so I'm entitled to conceal material information from him."

The appeal thus is doomed by 28 U.S.C. § 1915(e)(2)(A), which provides that "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." That is an exact description of this case; and even if, as some cases suggest, a plaintiff can be excused if his misstatements were made in good faith, *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000); *Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990), this is not such a case, involving as it does a deliberate, material lie. In *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002), we remarked that "dismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government. Dismissal without prejudice would have been no sanction at all, unless perchance the statute of limitations had run in the interim, which it must not have done or the plaintiff would not be

complaining about the fact that his suit was dismissed with prejudice. And a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets."

The plaintiff's contentions that he did not know the balance of his trust account and that $10 was his best guess are implausible. A week before he filed his *in forma pauperis* petition he had spent about $30 on postage and copying, and two weeks after the filing he had spent $500 on Christmas presents and $100 on clothing and books. He was, as the district court noted, "regularly dipping into his law firm trust account for his own use in the months leading up to and the weeks immediately following his [*in forma pauperis*] petition filing … [and] fails to explain … why he felt comfortable with spending hundreds of dollars from this account without knowing how much money was in it."

The judge said that he had "considered alternative sanctions, including dismissal without prejudice. But anything less than dismissal with prejudice would be inappropriate in this case. Even supposing it is possible for this Court to only fine Plaintiff, fines would not be a fitting remedy because Plaintiff appears to now be impoverished, having long since spent all the money in his law firm trust account. A verbal or written warning would fail to do justice given Plaintiff's persistent disregard for the truth in this case. Dismissal without prejudice would seem little punishment at all as Plaintiff could then simply refile with a new, meritorious, *in forma pauperis* petition. If Plaintiff's time for filing has passed, dismissing without prejudice would be equivalent to dismissing with prejudice. Dismissal with prejudice also sends a strong message to all litigants, particularly to those within

the prison population, that dishonesty to the court will not be tolerated."

One issue remains to be discussed, though it is collateral to the merits of the dismissal. In response to the plaintiff's initial request that the district judge recruit a lawyer for him, the judge asked a Wisconsin law firm to evaluate the case and advise him whether it warranted the investment of time and resources required to prosecute to judgment a claim for medical malpractice and deliberate indifference. The firm responded that there was no clear medical negligence in the case and that it would not be willing to invest the time and resources necessary to prosecute the case and that other, similar law firms would probably react the same way since the cost of an expert witness could easily exceed $100,000 through trial and the firm would have to spend hundreds of hours on the case.

The law firm's response induced the judge not to recruit counsel for the plaintiff at that time—a decision of no consequence, however, in view of the plaintiff's misconduct that precipitated the dismissal of his suit with prejudice. But we question the wisdom of a judge's seeking advice about a case from a law firm that is not representing any of the parties to it, at least without first checking for conflicts of interest. (A firm representing a party will of course "advise" the judge without being asked.)

There is a risk of a conflict of interest in those circumstances, as this case illustrates. From its response, the law firm from which the district judge sought advice appears to be active in malpractice litigation, which suggests that it may have had a conflict of interest with the plaintiff in telling the judge in effect that no reputable firm would take on such a

case on behalf of this plaintiff; the firm may wish on behalf of its clients to discourage such litigation. Indeed the judge remarked that "based on the assessment of his case by a law firm experienced in medical matters, it appears certain that were it not for the fact he is a prisoner, Plaintiff would most likely not have an attorney assisting him in the case." Moreover, a further and more direct conflict of interest may have been created by the fact that the law firm had represented an opponent of our plaintiff in a previous suit, a fact the district judge seems to have been unaware of.

No matter. For the reasons set forth earlier in this opinion the judgment of the district court must be, and so it is,

AFFIRMED.