NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2016[*]
Decided October 27, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-2366

| | |
|---|---|
| GEORGE DAVID, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v*. | |
| | No. 11 C 8833 |
| WAL-MART STORES, INC., | |
| *Defendant-Appellee*. | Gary Feinerman, |
| | *Judge*. |

### O R D E R

A district court granted George David's application for leave to proceed in forma pauperis in this lawsuit alleging that his former employer violated the Americans with Disabilities Act by laying him off in 2008. But when the district court learned that David had concealed assets from his application, the court found that his allegation of poverty

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

was a lie, and it dismissed the suit with prejudice. We conclude that the district court properly exercised its discretion, and thus we affirm the judgment.

When David filed his complaint, he asserted that he was too poor to prepay the filing fee of $350. *See* 28 U.S.C. § 1915. In his sworn application he reported his and his wife's monthly salaries as well as some public assistance that they were receiving. He also stated that he had only $365 in cash or a checking or savings account. Relying on this information, the district court granted David pauper status, required him to pay upfront only five percent ($17.50) of the filing fee, and later recruited counsel.

After nearly four years of litigation, Wal-Mart moved to dismiss, asserting that David had falsified his application to avoid prepaying the entire filing fee. *See* 28 U.S.C. § 1915(e)(2)(A) (mandating dismissal if allegation of poverty is untrue). During discovery David revealed some assets and income that he had not disclosed on his application. First, David had not divulged a savings account that he controlled and had a balance of over $32,000 at the time of his application. Second, he had omitted a couple weeks' earnings from a previous job and tax refunds that he had received before and just after submitting his application. Finally, David's mother and father-in-law had lived in his home and earned income during part of the applicable period, but David did not include their income on his application.

David responded to the motion. In an affidavit he stated that he had "accidentally omitted" these funds from his application because of his "misunderstanding" of what the form required. He explained that the $32,000 was in a savings account that he kept "for the purpose of providing for [his] family should we lose the apartment building." He was referring to a building that he owned, allowed his extended family to live in rent-free, and was in foreclosure. As for the income from his previous job, he asserted that he had simply forgotten about it, as the job had ended only a few weeks into the 12 months covered by the form. Regarding his in-laws' income, David thought that he need not include it because he did not have access to it, did not know how much it was, and knew that his in-laws sent it to their sons in Syria. David asked the court to let him pay the full filing fee and proceed with his case, given its progress, its underlying merits, and his assertion that he had never meant to deceive the court.

The district court dismissed the lawsuit with prejudice. The judge ruled that for some of the omissions, such as his in-laws' earnings and his earnings from the old job, "it is conceivable that David's failure to disclose arose from a good faith misunderstanding of the extent of his disclosure obligation." But the judge found it "not credible that David believed that he had no obligation to disclose" the $32,000 in the bank account. The

judge pointed to bank statements showing that David withdrew money from the account for himself, including to pay for a seminar costing $660. Even if David meant to restore any withdrawn money to the account eventually, the judge questioned why he could not do the same for a filing fee. The judge concluded that David had intentionally concealed that material asset and that dismissal with prejudice was the appropriate sanction. The judge also recognized that there was no practical difference in dismissing with or without prejudice because the statute of limitations on David's claim had run.

David argues on appeal that the district court abused its discretion by dismissing his case. He maintains that the omissions from his application were inadvertent and thus he did not intend to deceive the court. He also contends that his recruited lawyer ineffectively responded to Wal-Mart's motion to dismiss and "intentionally failed to present the facts to the court." These facts, which David expounds upon in his appellate brief, are further explanations about why David thought that the money in the bank account, though legally his, was not his "morally."

Underlying the dismissal is the district court's factual finding that David falsified his application, and we review that finding only for clear error. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002). The district court reasonably rejected David's assertion that the money in the account was not available to him and that he had only "accidentally omitted" disclosing his access to $32,000. Bank statements show that he controls the account, that he withdrew funds from it from time to time to cover personal expenses, and that one withdrawal was comparable to the size of the filing fee. Even if his account "morally" belonged to his family, as he asserts on appeal, he needed to disclose any accounts that he controlled (and the alleged moral encumbrances of them), to allow the district judge to assess their availability to David. "An applicant has to tell the truth, then argue to the judge why seemingly adverse facts (such as the [trust found account not disclosed] in this case) are not dispositive. A litigant can't say, 'I know how the judge should rule, so I'm entitled to conceal material information from him.'" *Kennedy v. Huibregtse*, No. 15-3743, 2016 WL 4011169, at *2 (7th Cir. July 27, 2016) (affirming dismissal for concealing assets from an application for pauper status). The district court's finding that David lied on his application is thus amply supported.

Because the allegation of poverty was false, the suit had to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(A); *Kennedy*, 2016 WL 4011169, at *2; *Thomas*, 288 F.3d at 306. The only question is whether dismissal is "with" or "without" prejudice. In this case, either form of dismissal has the same effect because the statute of limitations on David's claim, which arose in 2008, has run. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075

(7th Cir. 2013) (because the Americans with Disabilities Act does not include a specific statute of limitations, Illinois's two-year limitation for personal injury suits applies); *Lee v. Cook Cnty.*, 635 F.3d 969, 971–72 (7th Cir. 2011) (filing of a suit later dismissed without prejudice does not toll the statute of limitations). Moreover dismissal with prejudice is an appropriate sanction whenever a plaintiff deceives the district court in an application for pauper status. *Kennedy*, 2016 WL 4011169, at *1; *Thomas*, 288 F.3d at 306–07; *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998). Proceeding in forma pauperis is a privilege, and courts depend on the plaintiff's honesty in assessing his ability to pay. Abusing this privilege warrants dismissal with prejudice as a sanction for the lie, no matter how far the case has progressed, because "a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets." *Thomas*, 288 F.3d at 306. We thus conclude that the district court did not abuse its discretion.

Finally, we reject David's argument that, because his counsel ineffectively responded to Wal-Mart's motion to dismiss, his case must be reopened. Even if David's recruited counsel responded inadequately (a point we need not decide), the proper remedy is not "more litigation against an innocent adversary in the original litigation." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015), *cert. denied*, 136 S. Ct. 691 (2015).

AFFIRMED.