**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2017*
Decided January 19, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-3097

| | |
|---|---|
| LAMONDRE MOORE, | Appeal from the |
| *Plaintiff-Appellant*, | United States District Court for the |
| | Eastern District of Wisconsin. |
| *v.* | |
| | No. 14-cv-1446-PP |
| MICHAEL VAGNINI, | |
| *Defendant-Appellee*. | Pamela Pepper, |
| | *Judge*. |

## O R D E R

LaMondre Moore, a Wisconsin inmate, appeals from the district court's dismissal of his civil-rights lawsuit alleging that Milwaukee police officer Michael Vagnini performed an illegal body-cavity search during an arrest. The district court dismissed the complaint on the ground that it was barred by the statute of limitations. We affirm.

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

In his complaint, which he filed November 17, 2014, Moore alleged that "[i]n year 2008" Vagnini used excessive force in the course of arresting him. Moore said that while he was stopped at a gas station, Vagnini approached his truck, "broke the window[,] grabbed me by my throat[,] pulled me out of the car by my throat[,] threw me [o]nto the ground," and then probed his anal cavity, all without probable cause. Body-cavity searches in Wisconsin may be performed only by a medical professional and never in public. *See* WIS. STAT. § 968.255(2)(b), (3).

Civil-rights lawsuits brought in Wisconsin under 42 U.S.C. § 1983, like Moore's, are governed by the state's six-year statute of limitations for injuries to personal rights. *Kennedy v. Huibregtse*, 831 F.3d 441, 442 (7th Cir. 2016). Vagnini moved to dismiss the complaint on statute-of-limitations grounds, asserting that his only interaction with Moore in 2008 occurred on April 1 (this was reflected in a police report he attached to his motion), and that Moore's complaint, filed November 17, 2014, came more than six months too late. Moore did not dispute that the search occurred on April 1, 2008, but he maintained that he did not know he had a right to relief until April 22, 2012, when he read the first in a series of news articles in the *Milwaukee Journal Sentinel* describing accusations that Vagnini had performed illegal body-cavity and strip searches on others. (He attached copies of two of these articles, pulled from the *Journal Sentinel*'s website, to his response to Vagnini's motion.) He argued that the statute of limitations should be tolled to that date under Wisconsin's discovery rule, s*ee John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 835 (Wis. 2007), because that was the first time he realized that Vagnini's search was illegal. Thus, according to Moore's calculations, the limitations period should not expire until at least April 22, 2018.

The district court concluded that Wisconsin's discovery rule did not apply and dismissed the case. The discovery rule, as its name suggests, tolls the statute of limitations until a plaintiff discovers or should have discovered an injury and the person responsible for it. *Id.* at 834–39; *Pritzlaff v. Archdiocese of Milwaukee*, 533 N.W.2d 780, 785–86 (Wis. 1995). The rule did not apply in this case, the district court explained, because as of April 1, 2008, Moore "knew that what the defendant had done was not acceptable police behavior, and the plaintiff knew that he had been injured by that behavior," and "[a]t that point, with that knowledge, his claim began to accrue."

On appeal Moore rehashes his contention that Wisconsin's discovery rule should extend the statute of limitations for his claims. But as the district court determined, Moore knew as of April 1, 2008, that he had suffered an injury and that knowledge foreclosed any assertion on his part that he did not "discover" his injury until April 2012.

*See John Doe 1*, 734 N.W.2d at 835. The news articles Moore submitted proved not that he was unaware of his injury or its cause at the time of the incident, only that he may have been unaware of his right to legal relief. But Moore did not need to know under what legal theory he had a claim, or even that he had a claim at all, to know that he had suffered harm. *Saecker v. Thorie*, 234 F.3d 1010, 1013 (7th Cir. 2000). He had "the statutory period to determine whether he [had] a claim and if so to prepare and file his suit, and that is time enough" given his knowledge of his injury and the person allegedly responsible. *Id.*; *see also Claypool v. Levin*, 562 N.W.2d 584, 591 (Wis. 1997).

We close with a procedural observation. Although the district court dismissed Moore's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, its analysis relied on additional exhibits: the police report Vagnini submitted that established the date of the parties' interaction and the *Milwaukee Journal Sentinel* coverage Moore submitted about the ongoing litigation against Vagnini. This reliance on matters outside the pleadings means that the court should have converted Vagnini's motion to one for summary judgment and given the parties a "reasonable opportunity to present all the material that is pertinent" to such a motion. FED. R. CIV. P. 12(d); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). But failure to follow that procedure "will not necessarily mandate reversal unless the record discloses the existence of unresolved material fact issues." *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015) (quoting *Woods v. City of Chicago*, 234 F.3d 979, 991 (7th Cir. 2000) (internal quotation marks omitted)). As described earlier, no issues of fact remain to be resolved—Moore had all the facts he needed to file his complaint within the limitations period but failed to do so.

The district court's decision is properly understood as entering summary judgment against Moore under Rule 56 of the Federal Rules of Civil Procedure. *See Miller*, 600 F.3d at 732–33, 739. We MODIFY the judgment of the district court to reflect a dismissal of Moore's claim under that rule and AFFIRM as modified.