**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019[*]
Decided October 18, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2188

| | |
|---|---|
| VALENTINA L. O'CONNOR, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14-cv-10263 |
| CHICAGO BOARD OF EDUCATION, *Defendant-Appellee*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

Valentina O'Connor sued her former employer, the Board of Education of the City of Chicago, alleging interference with her rights under the Family and Medical Leave Act and retaliation. The district court dismissed her case with prejudice under 28 U.S.C. § 1915(e)(2)(A) because she intentionally misrepresented information about her finances in the financial affidavit accompanying an application to proceed in forma pauperis. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

When O'Connor filed her original complaint in December 2014, she paid the $400 filing fee. She simultaneously moved for attorney representation, without a financial affidavit, so the district court ordered her to "submit an in forma pauperis application." That application form also contains a financial affidavit. In hers, O'Connor represented, among other things, that her husband owned their home, although she did not know its value. The court denied her motion, and O'Connor retained an attorney. Counsel withdrew just a few months later, and O'Connor filed a second motion for attorney representation along with a new IFP application and financial affidavit. In her motion, she noted that her financial circumstances had changed since her first request; she had been laid off from work and had paid expensive legal fees for her disabled son. She represented in the affidavit that no one living at her residence "own[ed] any real estate (with or without a mortgage)" and that only her husband had more than $200 in cash or in a bank account (he had $300).

The district court granted O'Connor's motion for attorney representation and recruited counsel for her. The recruited attorney withdrew after nearly a year and a half due to "professional and ethical considerations." The court recruited another attorney, who, after about six months, requested an *in camera* and *ex parte* meeting with the court, citing a local rule mandating that "[i]f assigned counsel discovers … that the party is able to pay for legal services … counsel shall bring that information to the attention of the judge." N.D. Ill. R. 83.41(a). At this hearing, O'Connor admitted under oath to several inaccuracies in her second financial affidavit, including the omission that her husband owned their home. She also did not update her affidavit after she began receiving social security benefits in 2016. The court struck counsel's appointment due to the inaccuracies but noted that it was not "find[ing] that the misstatements were knowingly and willingly done to perpetrate a fraud on the Court."

The district court then entered a minute order describing the *ex parte* hearing and permitting counsel to withdraw. At the time, a fully briefed partial motion to dismiss was pending. The district court denied it days after the hearing, ruling that O'Connor's FMLA interference claim was timely. Weeks later, the Board moved to dismiss the case under 28 U.S.C. § 1915(e)(2)(A), which provides that a district court "shall" dismiss an IFP plaintiff's case if it determines that "the allegation of poverty is untrue." The Board attached a transcript of the *ex parte* hearing to its motion.

The district court granted the Board's motion and dismissed the case with prejudice. The court found that O'Connor had misrepresented her financial status with the intent to be evasive and mislead the court. First, she did not disclose that her

husband owned their home. Second, she failed to update her affidavit to reflect that she began receiving social security benefits in 2016. Third, among the various documents she attached to her responses to the motion to dismiss was evidence of two accounts that she had not declared in her financial affidavit. A bank statement dated nine days after her affidavit reflected a $1,200 balance, and a pension plan statement from September 2014 showed a $2,000 balance. The court also rejected her argument that the "discrepancies" in the financial affidavit were "mere misunderstandings or innocent mistakes." It found that O'Connor lacked credibility based on her "erratic and manipulative disposition" at hearings. Because the misstatements were not inadvertent, the district court concluded, dismissal with prejudice was warranted.

O'Connor appeals. Her briefs are difficult to parse and include numerous arguments that are outside the scope of this appeal or were not raised in the district court. Focusing on the issue properly before us, we can discern that O'Connor contends that the court erred in dismissing her case because her allegations of poverty were accurate and any mistakes were inadvertent, and, even if not, dismissal with prejudice was unwarranted. We review the district court's factual findings for clear error and its decision to dismiss the case with prejudice for abuse of discretion. *See Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307–08 (7th Cir. 2002).

The district court did not clearly err in finding that O'Connor's second financial affidavit contained false assertions of poverty. The record amply supports the discrepancies among O'Connor's affidavit, her statements at the hearing, and the documents she attached to her filings. Having identified multiple inaccuracies, the district court then appropriately dismissed the case. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016).

Further, the court reasonably found that O'Connor's misrepresentations were intentional. We would not easily disturb the district court's finding, based on O'Connor's demeanor at hearings, that her innocent explanations lacked credibility. *See Ortiz v. Martinez*, 789 F.3d 722, 729 (7th Cir. 2015). That further supports the dismissal with prejudice. *See Kennedy*, 831 F.3d at 443–44 (affirming dismissal with prejudice for failing to disclose $1,400 trust account); *Thomas*, 288 F.3d at 306–07 (same, for lying and failing to update IFP application); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547–48 (7th Cir. 1998) (same, for intentionally omitting that he owned his home, among other falsities). O'Connor argues that the court contradicted itself because, at the earlier hearing, it had stated that it was not finding that the misstatements "were knowingly and willingly done to perpetrate a fraud on the Court." Nothing barred the court from

revisiting its earlier assessment, however, especially after it was presented with full briefing on the issue. *See* FED. R. CIV. P. 54(b); *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012). O'Connor argues that the "law of the case" doctrine forbade this, but that rule does not limit a district court's ability to revisit its own rulings before a final judgment, *see id.*, and in any event, this was simply a preliminary finding of fact, not a legal ruling.

We have considered O'Connor's other arguments, and none has merit.

AFFIRMED