In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 19-1082 & 19-1084

MARIO REYES,

*Plaintiff-Appellant,*

*v.*

ROBERT FISHEL, *et al.,*

*Defendants-Appellees.*

Appeals from the United States District Court for the
Central District of Illinois.
Nos. 17-cv-3192 and 18-cv-3134 — **Colin S. Bruce**, *Judge.*

ARGUED MARCH 30, 2021 — DECIDED APRIL 29, 2021

Before KANNE, BRENNAN, and SCUDDER, *Circuit Judges.*

KANNE, *Circuit Judge.* Under the Prison Litigation Reform
Act ("PLRA"), prisoners filing petitions to proceed in a suit *in
forma pauperis* ("IFP") can't deliberately misrepresent their fi-
nancial status. If a prisoner does so, the case must be dis-
missed.

Mario Reyes, a prisoner in the Illinois Department of Cor-
rections, filed a § 1983 action in 2017 and another in 2018 in

federal court and petitioned to proceed IFP in both cases. The district court initially granted those IFP petitions but later dismissed both cases after the defendants presented evidence showing that Reyes deliberately misled the court about his finances on his 2017 IFP application.

We affirm the dismissal of the 2017 case because the district court did not clearly err in finding that Reyes was dishonest about his financial status. But as for the 2018 case, the court did not give Reyes a chance to explain any potential issues with his IFP application—and the defendants concede that he should have been given that opportunity. We thus vacate the order dismissing the second case and remand it for further proceedings.

## I. BACKGROUND

Mario Reyes is an inmate with the Illinois Department of Corrections. In September 2017, Reyes filed a complaint in federal court under 42 U.S.C. § 1983 along with an application to proceed IFP. In the application, Reyes wrote that he was "incarcerated, and receive[d] very minimal stipends in the form of 'money order' and this stipend covers the basic necessities and the cost of living for an inmate housed in IDOC." He did not state the amount of income that he received.

Reyes also attached to his IFP application a trust fund account ledger from Stateville Correctional Center dated June 14, 2017. The ledger reported transactions from January 15, 2017, to May 3, 2017. It showed that Reyes had received a total of $120.00 from an individual during those four months and that Reyes had $141.34 available to him as of June 14, 2017 (three months before he filed his lawsuit in September 2017). Last, Reyes signed the application and thus declared that he

was "unable to pay the costs of these proceedings" and was "entitled to the relief requested."

The district court granted Reyes's petition, and the case progressed over the next year. In December 2018, the state defendants moved to dismiss the case under 28 U.S.C. § 1915(e)(2)(A), in part because Reyes did not disclose any information about his income in June, July, or August 2017. The defendants attached records that filled in the gap. It turns out that while Reyes was at Western Illinois Correctional Center from June 2017 to September 2017, his account received transfers and deposits totaling $1,692.10, the majority of which came in the form of multiple gifts from two individuals. Moreover, during that same time period, Reyes spent $785.89 at the commissary—$564.08 in one day—purchasing a television, ear buds, Reebok basketball shoes, and boots, among other items.

On December 28, 2018, the district court granted the defendants' motion and dismissed the 2017 case with prejudice. It found that Reyes "was not honest with the Court regarding his ability to pay the filing fee" and had "committed a fraud upon the Court."

Meanwhile, Reyes filed a second federal complaint and petition to proceed IFP in June 2018 (while the 2017 case was still progressing). In his second IFP application, Reyes indicated that he had received no income from any sources in the twelve preceding months, and he did not attach a trust fund account ledger. The district court clerk, however, sent a letter to Western requesting six months of records from Reyes's trust account, which showed that Reyes had received $26.32 between January 9, 2018, and May 17, 2018.

The district court granted Reyes's petition to proceed IFP, assessed an initial partial filing fee, and ordered Reyes to pay the full filing fee in installments pursuant to § 1915(b). It directed "[t]he agency having custody of [Reyes]" to forward the initial partial filing fee and subsequent payments to the Clerk of Court. In November 2018, the initial partial filing fee had not yet been paid, and the district court warned Reyes that failure to pay within thirty days would result in the dismissal of the case.

Reyes did not meet the deadline, and, on December 28, 2018 (the same day that the court granted the defendants' motion to dismiss the 2017 case), the district court *sua sponte* dismissed the 2018 case. In a text order, the court explained that it was dismissing the case because Reyes had failed to pay the initial filing fee and for the same reason that it had dismissed the 2017 case—Reyes had failed to accurately disclose his financial situation.

Reyes appealed both orders of dismissal, and we consolidated the appeals.

## II. ANALYSIS

There are two standards of review at play in this case. "We review a district court's finding that a plaintiff lied on an IFP application for clear error." *Robertson v. French*, 949 F.3d 347, 351 (7th Cir. 2020) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 308 (7th Cir. 2002)). "A finding of fact is clearly erroneous only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *BRC Rubber & Plastics, Inc. v. Cont'l Carbon Co.*, 981 F.3d 618, 622 (7th Cir. 2020) (quoting *Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 447 (7th Cir. 2006)). But we will only

upset a district court's decision to dismiss a case with prejudice if it was an abuse of discretion. *Thomas*, 288 F.3d at 308.

Under the PLRA, prisoners may proceed IFP if they properly allege that they are unable to pay the fees in a lawsuit. 28 U.S.C. § 1915. Section 1915(a) of that Act requires that a prisoner seeking to proceed without prepaying the fees in full must "submit[] an affidavit that includes a statement of all assets such prisoner possesses" and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."

The statute then goes on to mandate that a district court "shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." *Id.* § 1915(e)(2)(A). An allegation of poverty is "untrue" if the prisoner's statements in an IFP form were "deliberate misrepresentation[s]"—"'dishonest' or 'false' rather than simply 'inaccurate.'" *Robertson*, 949 F.3d at 349, 351.

Here, the district court did not clearly err in finding that Reyes was dishonest in his 2017 IFP application. It did err, though, in making the same finding as to his 2018 application without giving Reyes a chance to respond and in faulting Reyes for the prison's failure to forward the initial partial filing fee to the court.

*A. The 2017 Case*

The record supports the district court's finding that Reyes was dishonest about the state of his finances in his 2017 IFP application: Reyes provided a trust fund account that failed to cover the six-month period leading up to his court filing, as required by statute. During the omitted months—June, July,

August, and September 2017—Reyes received over $1,600 and spent over $700 in the commissary. On these facts, the district court fairly concluded that Reyes was aware of this income and chose not to disclose it to the court.

And Reyes failed to provide an adequate alternative explanation for his omissions. On appeal, Reyes attached to his brief a document titled "Plaintiff's Reply to Defendant's Motion to Dismiss and Take Judicial Notice" that appears to have been stamped by Western as "scanned" and "e-mailed" on December 7, 2018. But that document does not appear on the district court's docket and was not considered. Even if we assume that this response was properly filed and should have been considered, *see Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) (explaining that, under the "prison mailbox rule," a prisoner's filing is deemed filed on the date that he submits it for mailing), it would not make a difference in this case.

Under *Robertson*, a mere inaccuracy is not enough to show that the prisoner's allegation of poverty was untrue; it must be a "deliberate misrepresentation." 949 F.3d at 349. However, Reyes never demonstrated that the inaccuracies in his IFP application were made unintentionally. Instead, he argued that his commissary expenditures were justified, explaining that he spent only what was necessary for living expenses while in IDOC custody. But even if he is correct about the necessity of his purchases (and we seriously doubt that Reyes could not live without Reebok sneakers and a television), Congress left that determination to the district court. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016). As we have previously explained, "[a]n applicant has to tell the truth, then argue to the judge why seemingly adverse facts … are not dispositive. A litigant can't say, 'I know how the judge

*should* rule, so I'm entitled to conceal material information from him.'" *Id.* We thus see no clear error in the district court's finding that Reyes deliberately misled the court through these omissions.

In an attempt to rebut this conclusion, Reyes relies on the statement in our nonprecedential case, *Miller v. Hardy*, that "[t]he relevant inquiry is the state of the inmate's finances at the time of filing." 497 F. App'x 618, 620 (7th Cir. 2012). But we reiterate that the PLRA instructs prisoners to disclose to the court all of their assets and trust fund account records for the six months prior to filing suit. 28 U.S.C. § 1915(a). Section 1915(e)(2)(A) further mandates that "the court shall dismiss the case at any time if the court determines that … the allegation of poverty is untrue." When making that determination, it is well within a court's discretion to consider the accounting of the prisoner's income and spending over the six months prior to filing. *Robertson*, 949 F.3d at 350 ("[T]o ensure that this snapshot of present assets is an accurate reflection of the prisoner's financial situation, the PLRA calls for a six-month lookback."); *see also Sultan v. Fenoglio*, 775 F.3d 888, 891 (7th Cir. 2015) (explaining that a prisoner "intentionally depleting his trust account to avoid paying his filing fee" would constitute grounds for denying IFP status). The district court did not err in doing so here.

The last question is whether the district court abused its discretion by dismissing the case *with prejudice*. Dismissal with prejudice is a permissible sanction where a prisoner has made an untrue allegation of poverty. *Kennedy*, 831 F.3d at 443–44 ("[D]ismissal with prejudice may have been the only feasible sanction for this perjury designed to defraud the government. Dismissal without prejudice would have been no

sanction at all, unless perchance the statute of limitations had run in the interim … . And a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets." (quoting *Thomas*, 288 F.3d at 306)). So it was not an abuse of discretion for the district court here to dismiss the 2017 case with prejudice after finding that Reyes deliberately misrepresented his financial condition to the court through his omissions.

### B. *The 2018 Case*

As for the 2018 case, the defendants side with Reyes and ask us to vacate the district court's order dismissing the case and to remand the matter for further proceedings.

As a reminder, the district court dismissed the 2018 case *sua sponte* after finding that Reyes failed to pay an initial partial filing fee as ordered and for the same reason that it dismissed the 2017 case—Reyes was dishonest about his financial situation.

But we conclude that neither of those grounds supported dismissal. First, *Robertson* clarifies that a prisoner's responsibility under § 1915 ends with his disclosure of his financial situation; it is up to the prison to pay any filing fee according to the court's order. 949 F.3d at 353; *see also Sultan*, 775 F.3d at 890. It was thus error for the district court to penalize Reyes for the prison's failure to pay his partial filing fee.

Second, under *Robertson*, misstatements and omissions must be intentional to support dismissal. 949 F.3d at 351–52. But because the court dismissed the 2018 case *sua sponte*, Reyes did not have a chance to offer—and thus the court did not consider—explanations for why any errors in his 2018 IFP application could have been unintentional.

For these reasons, we remand the 2018 case to provide Reyes with the opportunity to develop the record regarding whether the omissions on his 2018 IFP application were deliberate.

### III. CONCLUSION

We AFFIRM the district court's order dismissing the 2017 case with prejudice, VACATE its order dismissing the 2018 case, and REMAND for further proceedings consistent with this opinion.